No. 15,350.

FLADER LAND COMPANY ET AL. *v.* DENES ET AL.

(139 P. [2d] 875)

Decided June 28, 1943.

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. HARRY BEHM, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THE parties to this litigation are before us in the order of their appearance in the district court and will be herein designated as plaintiffs and defendants or by name.

Trial was to a jury which returned a verdict for defendants; appropriate judgment followed and plaintiffs, seeking a reversal, have brought the case here by writ of error. They alleged, and their evidence was to the effect, that they purchased from defendants, with other cattle admittedly received by them, eight cows for sixty-five dollars per head, and two calves for forty dollars per head, and that if the cows had been delivered they would have realized from them eight calves which would have been of the reasonable value of forty dollars a head. For defendants' alleged failure to deliver said eight cows and two calves, plaintiffs sought recovery in the amount of $1040.

Defendants admitted the sale, denied that they were to make delivery, and admitted the receipt of payment for the cattle. They alleged that plaintiffs accepted and drove the cattle away from their ranch and produced a receipt for them purporting to be signed by plaintiff company's foreman. Plaintiff Flader, testified that he had seen the foreman's signature, that in his opinion the signature on the receipt was not that of the foreman, and that the cattle were never received at the Flader ranch.

That the foreman was not held in high regard by his employer is apparent from the record. Shortly after this

deal, and on account thereof, he was discharged, and while we do not so discover in reading the record, it is said by counsel for plaintiffs in his brief that he departed for parts unknown. The deal was consummated by plaintiffs, delivery of bills of sale was made on October tenth, and it was not until December 22 following that Flader complained to defendants of not having received the eight cows and two calves.

Plaintiffs' first and second specified points of error are directed to the giving of Instruction No. 1 and the refusal to give tendered Instruction No. 3. The tendered instruction—given in so far as correct as court's Instruction No. 3—related to the receipt alleged to have been given by the foreman when he received the cattle. The instruction given was in the exact words of the instruction tendered, save that the latter contained the statement that the authority of the foreman to execute it might be questioned by plaintiffs. This the court properly refused to include in his instruction. That a general foreman, admittedly sent by his employer to receive cattle for the latter, and to drive or convey them to his ranch, has authority to receipt for them, is so self-evident as to require no citation of authority. The court correctly limited the inquiry to whether he did in fact receipt for, and receive them.

Plaintiffs further objected to Instruction No. 2 as not a proper statement of the measure of damages since it limited recovery, if any, to the value of the cows at the time delivery was due. Since the jury returned a verdict for defendants, it had no occasion to consider the question of measure of damages, and whether the court correctly instructed it on the subject or not is immaterial, as any error committed in that connection would be harmless.

Plaintiffs further specify error on the admission of certain testimony. Plaintiff Flader, who was permitted to testify over objection of defendants that he was not qualified as an expert on handwriting, and that the

signature of the foreman on the alleged receipt *in his opinion* was not a genuine signature, was asked on cross-examination why he did not present certain checks in his possession bearing the foreman's indorsement, for purpose of comparison by the jury of his genuine signature with that which was questioned. His answer was that he did not know that such a thing as the receipt existed. There was no request for permission or time to produce documents bearing the genuine signature; furthermore, Flader admitted on further cross-examination that he knew defendants claimed to have such a receipt and then, under further redirect examination, he said he thought the receipts referred to were the bills of sale. In the ordinary course of business, defendants would deliver the bills of sale to plaintiffs with the cattle and would not have them. This unquestionably was the case here, for plaintiffs had previously introduced the bills of sale as exhibits in the case. We find the error specified without merit.

■ There is nothing in this case but the question of conflicting evidence. The jury evidently believed that of defendants and their witnesses on the controverted points, and disbelieved the testimony of plaintiffs and their witnesses. We find no reason to disturb their resolution of the controversy.

Judgment affirmed.

Mr. Justice Bakke and Mr. Justice Goudy not participating.