MARTIN, APPELLANT, *v.* THE DAYTON POWER & LIGHT CO., APPELLEE.

20

(No. 580—Decided January 2, 1958.)

*Messrs. Peterson, Neatherton & Peterson,* for appellant.
*Messrs. Miller & Finney* and *Messrs. Landis, Ferguson, Bieser & Greer,* for appellee.

CRAWFORD, J.   This is an appeal on questions of law.   Plaintiff, appellant herein, seeks damages for injuries allegedly sustained on March 22, 1955, as the result of a gas explosion in the bathroom of his home when he attempted to light a cigarette. He charges that on two occasions prior to that date, one of which was on February 9, 1955, he as a customer of the defendant and consumer of its product complained to it of gas leaks, but that defendant negligently failed to correct the situation.

A verdict was returned for the defendant and judgment entered thereon.   The present appeal is from that judgment. Plaintiff makes six assignments of error.

The first assignment of error is the giving of defendant's special charges Nos. 6, 7 and 10.   The complaint is that they unduly emphasize defendant's version of the case by repetition within such special charges and also in the general charge. There is no contention made that the charges contain incorrect statements of law.

The natural tendency and, of course, one of the purposes for which special instructions are requested is to emphasize the proponent's case.   The Legislature has declared that this strategy shall be available to civil litigants.   It is a mandatory duty of the court to give requested instructions when they contain correct statements of law applicable to issues and evidence in the case and are not otherwise prejudicial.

It is only when such charges *unduly* emphasize one side of the case that they may be refused as prejudicial on that ground,

even though they are technically correct and pertinent statements of law.

These three charges, although related, are distinct. The sixth states the presumption that defendant was free from negligence, requiring proof of negligence by the greater weight of the evidence; the seventh states the rule as to the burden of proof by a preponderance or greater weight of the evidence upon every essential allegation; and the tenth contains the explanation that, when the evidence upon an essential issue is equally balanced, it does not meet the required degree of proof.

These charges are skillfully drawn. It may be that their combined effect exceeds the sum of their individual force. However, each contains a correct statement of law applicable to some issue and evidence in the case, which is not contained in any other special charge. It was, therefore, the mandatory duty of the court to give each of them.

The giving of a special charge upon a particular subject does not exhaust the court's authority in the matter or deprive it of its prerogative of including the same subject in the general charge. If it did, a general charge could be mutilated, and counsel could in substance assume the role of the court in charging the jury. The careful trial judge strives to fulfill his duty by giving a complete and comprehensive charge, and Judge Aultman did so in this case. Any repetition thus involved is a condition inherent in the mandatory duty to give special charges.

We find no unnecessary or improper repetition and are of the opinion that the plaintiff was not prejudiced.

The second assignment of error concerns the refusal to give plaintiff's special charge on damages. As pointed out by defendant, inasmuch as the jury resolved the issue of liability in its favor, the jury did not reach the question of damages, and plaintiff could not be prejudiced by refusal of his requested charge on that subject.

The third assignment of error is the refusal of special instruction No. 14 requested by plaintiff. The requested instruction reads as follows:

"It is claimed in this second amended petition that defendant was notified of a leakage of gas in and about the premises of the plaintiff and that defendant negligently failed to find the

source or cause of said leakage, when it knew, or, in the exercise of reasonable care, should have known that gas was leaking and would leak into the house of the plaintiff. It appears from the evidence that a broken stopcock or shut off valve owned solely by the defendant and which had been installed by the defendant was found in front of the residence owned by Maurice O'Connor, which was a distance of approximately 140 feet from William R. Martin's residence. The court instructs you that the defendant will not be liable for damages proximately caused by natural gas leaking into plaintiff's premises, from the connection of the service pipe in front of O'Connors, unless it had actual notice, or in the exercise of ordinary care, should have had notice of the defect and had an opportunity to shut off the gas or remedy the defect. Whether or not the defendant had notice or in the exercise of ordinary care should have had notice of any defect at the connection of the service pipe located on O'Connor's premises, and whether or not defendant exercised ordinary care, if it had such notice, are questions of fact for your determination from all of the evidence.''

It is claimed that substantially the same instruction was approved by the Supreme Court in the case of *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo,* 126 Ohio St., 140, 184 N. E., 512, and for the actual language of that charge we are referred to 1 Fess on Ohio Instructions to Juries, Section 50.9.

Defendant points out that there are important variations between that instruction and the one now requested; and that, in particular, several definitive statements therein regarding the nature and limit of a gas company's liability and the degree of care required of it are omitted here. While these features would perhaps have made this instruction more complete, we are not prepared to say that all of them are essential.

But this requested instruction states or implies as an ultimate fact that the broken stopcock permitted the escape of gas which caused the explosion. Special instructions must be upon matters of law. Section 2315.01 (E), Revised Code. They must not contain ultimate facts in issue. 39 Ohio Jurisprudence, 1029, Trial, Section 312. While the evidence strongly indicates the

truth of the statement or implication contained in the instruction, it was not conceded but was vigorously contested and was therefore properly left to the jury to determine.

The various ideas which plaintiff apparently sought to combine in this instruction hardly resulted in its being clear, concise and explicit, as a requested instruction is required to be. 39 Ohio Jurisprudence, 1036, Trial, Section 318.

In any event, special instruction No. 4 which was given contains the essence of the law apparently intended to be embodied here, and it was unnecessary that it be repeated.

Special instruction No. 4 reads:

"You are instructed that in maintaining its own equipment, while in use for the purpose intended, if it had knowledge that gas was escaping from the connection between its service pipe and that of a consumer, at a place where the escaping gas might result in an explosion or cause damage or injury to a third person, or if, in the exercise of ordinary care it should have known that said gas was escaping through this connection, it was the duty of the gas company to promptly and properly make repairs, in such a manner as to prevent the gas from so escaping."

Special instruction No. 14 was properly refused.

The fourth assignment of error is the refusal to give special instruction No. 15 requested by plaintiff and which reads:

"You are instructed that a gas light company is bound to exercise much care, skill, and diligence in all its operations, and in the transaction of all its business, as the difficulty, delicacy, and danger of its business requires. Its fittings must be of the highest character, and every precaution for safety must be taken within the bounds of reason."

In support of this request, we are again referred to the case of *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo, supra* (126 Ohio St., 140), wherein the court said, at page 160, that the verdict for plaintiff there was not unwarranted, "having in mind that the product marketed by the gas company is one which possesses inherently dangerous properties."

Of course, this is one of the elements and circumstances to

be taken into account in determining what constitutes ordinary care. The jury was so charged in special instruction No. 2, which reads:

"The court charges you as a matter of law that by reason of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care, commensurate with the danger, to prevent the escape of gas from its pipes, and if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person injure~' is free from contributory negligence."

It is to be noted that in the case of *Northwestern Ohi· Natural Gas Co.* v. *Church, supra,* the charge defined the cor~ pany's duty as being that of ordinary care.·

Very probably there is a typographical error in this requested instruction No. 15. The word, "as," was apparently inadvertently omitted before the words, "much care." This omission affects the meaning. The already heavy burden often placed upon the trial judge by a number of requests for special instructions does not include the duty to edit or revise the instructions as presented to him in writing.

The last sentence in the requested charge is apparently taken from the fourth and fifth paragraphs of the syllabus and part of the opinion in the case of *Gas Consumers' Assn., Inc.,* v. *Lely,* 57 F. (2d), 395, which arose in the District of Columbia. This language was not charged in that case, but a charge on due care as requested by the plaintiff was given and was approved by the reviewing court as a correct statement of the law.

The instruction requested here places upon defendant a heavier duty than the law of Ohio imposes. See 26 Ohio Jurisprudence (2d), 129, Gas Companies, Section 43. The instruction was therefore properly refused.

· The fifth assignment of error is that the court erred in not sustaining plaintiff's motion for a new trial. The argument contained in the brief supporting this assignment consists largely of a discussion of the evidence. While plaintiff presented a strong case, still the evidence is in sharp conflict on material issues, particularly as to the facts and circumstances bearing upon defendant's duty to discover and correct the broken stopcock. The evidence in behalf of defendant's position, which was ap-

parently accepted by the jury, is adequate to support the verdict.

Reference is made to the answer to special interrogatory No. 1. The interrogatory reads: "Was the defendant negligent?" The answer, written three times, is "No." This finding, like the general verdict, was unanimous. There are five notations alongside signatures of various jurors referring to special charge or request No. 10, which, as we have seen, deals with the rule that where the evidence is evenly balanced the plaintiff, having the burden of proof, must fail.

One juror wrote: "My verdict based on special charge 4." This charge is quoted above in the discussion as to the third assignment of error and defines the obligation resting upon the defendant.

Although unnecessary, these explanations appear logical. And the answer given to the special interrogatory is consistent with and supports the general verdict.

The motion for a new trial was properly overruled.

The sixth assignment of error charges that the verdict and judgment are contrary to the weight of the evidence. Our examination of the record shows the evidence to be as stated in our discussion of assignment of error No. 5, so that we would not be justified in reversing upon the weight of the evidence.

The judgment is accordingly affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.