CLIFTON W. COLEMAN and HELEN E. COLEMAN, Plain-
tiffs and Appellants v. MILDRED HIGGINS, Administra-
trix With the Will Annexed of the Estate of WALTER
A. SONGSTER, Deceased, and LILLIAN I. SONGSTER,
Defendants and Respondents.

No. 9975.

Submitted March 2, 1960. Decided May 9, 1960.

351 Pac. (2d) 901.

Ralph J. Anderson, Stanley P. Sorenson, Helena, Joseph T. Wilson, White Sulphur Springs, for appellants. Ralph J. Anderson and Joseph T. Wilson argued orally.

Wellington D. Rankin, Arthur P. Acher, Helena, James H. Higgins, White Sulphur Springs, argued orally for respondents.

HONORABLE CHARLES B. SANDE, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, delivered the Opinion of the Court.

The facts in this case may be summarized as follows:

The action is one in *quantum meruit* to recover the reasonable value of services performed by the plaintiffs for the benefit of the defendants, consisting of making permanent improvements upon property of the defendants located in Meagher County, Montana, known as the Songster Ranch.

Defendants, by answer, alleged that the services were performed, and improvements made pursuant to contracts or leases between the parties; that the only compensation to which the

plaintiffs were entitled was that which they were to receive pursuant to the contracts; that plaintiffs had failed and refused to continue with performance thereunder and are entitled to no recovery. Defendants further denied that the services performed by plaintiffs, in making permanent improvements, were of any substantial commercial value.

Defendants further alleged as a counterclaim and cross complaint, that the plaintiffs were indebted to the defendants in the amounts of $750 and $3,500 and $174.48, for which they have not been paid.

Plaintiffs by their reply alleged that the defendant, Walter A. Songster, was guilty of certain acts which prevented and made completion of the contracts impossible and justified the plaintiffs in abandoning the contracts and bringing this action. Plaintiffs further deny the allegations of the cross complaint.

Defendants deny that the acts complained of in the reply were committed, or that conduct of the defendants prevented or made performance of the contracts impossible which it is alleged justified abandonment of the contracts.

The jury returned a verdict against plaintiffs on their complaint, found for defendants on their counterclaim and cross complaint, and awarded defendants the sum of $4,652.50.

A motion was made to set aside the verdict and grant a new trial, which motion was denied by the court.

Appellants specify nine specifications of error which can be grouped under five general propositions. The first is based on the failure of the court to give certain instructions requested by plaintiffs. Plaintiffs offered the following instruction which was refused by the court:

"In this case two written contracts between the parties hereto have been introduced into evidence. However, the language of those contracts and the acts of the parties thereunder illustrate that there was in actuality only one contract between the parties and that the second of these written contracts was merely a continuation or extension of the first. You are there-

fore instructed that you may consider services rendered and/or materials supplied by the plaintiffs during the term of the first of these written contracts in arriving at the amount which the plaintiffs are entitled to recover if you find from a preponderance of all the evidence and in accord with these instructions that plaintiffs are entitled to recover.''

Plaintiffs' argument, at this point, is that upon the issues raised by the pleadings there was presented a question of law which was the sole responsibility of the court to determine. In connection with this point the court gave the following instruction, *without objection:*

''You are instructed that if you find from a preponderance of the evidence that the second written contract, effective October 17, 1952, was a new contract, and not a continuation or extension of the first contract, then plaintiffs would not be entitled to recover any damages on account of services rendered and/or materials supplied by the plaintiffs during the term of the first of these written contracts.''

Whether or not appellants' point was meritorious, appellants by not objecting to the above instruction agreed to it as the law of the case and cannot now object. Further, the instruction on this point would only have significance if the jury had found in favor of plaintiffs on their complaint and were considering the question of damages. Inasmuch, as the jury found against the plaintiffs on their complaint, we find no error in the court's refusal to give such instruction.

Appellants assigned as error the refusal of the court to give an instruction on ''intent''. No argument of any significance was presented by appellants on this point, and on a review of the instructions as a whole we find that the jury was properly instructed.

In considering the next error contended by appellants, it becomes necessary to point out certain facts to understand the issue involved. The appellants had procured a physical examination of their six year old daughter and the doctor was called

upon at the trial to give testimony concerning his examination of the child. During the course of the doctor's examination the following question was asked:

"Q. Did you in the course of the examination take the history of what the little girl told you? A. Well, I started questioning the little girl in the presence of the nurse, but she wouldn't talk and I asked the nurse to leave. And the parents weren't present either. I asked the little girl, 'What is all this about?' "

Objection was made to the above question and sustained. Thereafter, the appellants made an offer of proof which was refused.

Appellants claim error in that while conceding said testimony was hearsay they assert that it was admissible under certain exceptions to the hearsay rule.

■■ The incompetency of the child as a witness was asserted by counsel for defendants and *conceded* by counsel for appellants. Limited to the specific facts in this case, we agree with the general view which we believe covers this situation "that in a prosecution for rape or a similar offense evidence of the statements and declarations by the alleged victim as to *details* of the alleged offense is inadmissible where she is *incompetent* to testify herself." See 157 A.L.R., para. II, subsection (b), p. 1363. Emphasis supplied.

■ Subsequent to the above proceedings, counsel for defendants offered in evidence a letter which was the doctor's report concerning his examination of the child. The letter was not objected to by appellants. Appellants assert that upon the admission of this letter, evidence thereupon of the child's statements and conversation to the doctor should have been admissible. Suffice it to say appellants did not propound any questions to the doctor after his letter had been read to the jury and consequently there is no basis for any error.

■■ Appellants assigned as error the fact the court required them to present their case using the same order as that

in which the issues were framed by the pleadings. The order of proof is within the discretionary control of the court. Noyes v. Clifford, 37 Mont. 138, 94 P. 842. We find there was no abuse of discretion in the lower court. Further, we think the situation analogous to that found in the case of Spurgeon v. Imperial Elevator Co., 99 Mont. 432, 43 P.2d 891, 893, wherein the court said: ''The objection here interposed went largely to the question of order of proof, with respect to which the trial court must be permitted to exercise a reasonable discretion [Citing cases.] subject to review only in case of abuse of discretion. * * * The entire difficulty arose because defendant indulged in improper cross-examination, although without objection. Since the situation was of the defendant's own making, the court did not abuse its discretion in permitting the question.''

Assignment of error is predicated upon the contention that the court erred in denying plaintiffs' motion to set aside the verdict and grant a new trial.

Upon a review of the transcript, we find ample evidence to authorize the jury to return a verdict for the defendants under the instructions as given and a detailed setting forth of such evidence is not necessary.

As far as appellants' motion for a new trial on the ground of newly discovered evidence is concerned, the issue in question was clearly on a collateral matter and formed no basis for the granting of a new trial. Apostel Const. & Lumber Co. v. Radulovich, 115 Mont. 43, 139 P.2d 234.

Finding no reversible error in the record, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES ADAIR, ANGSTMAN and CASTLES concur.