GRANSTROM *v.* GRAY.

1. PLEADING—AMENDMENT OF ANSWER—ACCORD AND SATISFACTION.
   Trial court did not commit error in allowing amendment of answer on day of trial to include defense of accord and satisfaction in action for personal injuries arising out of a hunting accident, where plaintiff does not claim that additional or different evidence would have been introduced if the defense had been raised in the original answer and all evidence pertinent to the issue was submitted at the trial.

2. ACCORD AND SATISFACTION—EVIDENCE.
   Question of whether or not an accord and satisfaction had released defendant from liability *held*, properly submitted to jury under evidence adduced in action for personal injuries sustained in a hunting accident.

3. APPEAL AND ERROR—INSTRUCTIONS—PERMANENT DISABILITY—LIABILITY.
   Plaintiff failed to raise a reversible question in claim that trial court erred in failing to instruct on permanent disability, where jury did not find defendant liable at all.

4. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ACCORD AND SATISFACTION—WEIGHT OF EVIDENCE.
   Sufficient evidence to justify a verdict holding that defendant was not negligent, that plaintiff was guilty of contributory negligence, or that there was an accord and satisfaction, would nullify plaintiff's claim that the verdict for defendant was against the overwhelming weight of the evidence.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ACCORD AND SATISFACTION—EVIDENCE.
   Testimony of defendant that plaintiff's contributory negligence

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  41 Am Jur, Pleading §§ 291–294, 304.
[2]  1 Am Jur, Accord and Satisfaction §§ 77, 78.
[3]  3 Am Jur, Appeal and Error § 1124.
[4, 5]  38 Am Jur, Negligence §§ 332–336.

by abandonment of their agreed plan of moving in different directions and fact that plaintiff wore the wrong type and color of hunting clothes, together with testimony in regard to accord and satisfaction *held*, sufficient to sustain verdict for defendant against claim the verdict was contrary to the overwhelming weight of the evidence adduced in action for personal injuries arising out of hunting accident.

Appeal from Kent; Hoffius (Stuart), J. Submitted October 4, 1961. (Docket No. 19, Calendar No. 48,769.) Decided December 28, 1961.

Case by George L. Granstrom against Fred Gray for personal injuries sustained when accidentally shot while deer hunting. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Clem H. Block,* for plaintiff.

*Vander Veen, Freihofer, Cook & Bryant (Donald F. Oosterhouse,* of counsel), for defendant.

KELLY, J. Plaintiff's suit for negligence, filed May 8, 1959, is based on a hunting accident which occurred on November 16, 1957, in Mackinac county.

The questions of defendant's negligence, plaintiff's contributory negligence, and whether plaintiff had released defendant from liability by an accord and satisfaction were submitted to a jury, resulting in a verdict of no cause for action.

In regard to the accord and satisfaction issue, appellant claims the court erred: (1) In allowing the amendment to the pleadings on the day of trial and permitting this defense; and (2) In presenting this issue to the jury because "the undisputed evidence shows there was no accord and satisfaction."

CL 1948, § 616.1 (Stat Ann § 27.838), provides in part:

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein."

Appellant does not claim that additional or different evidence would have been introduced if the defense had been raised in the original answer and the record indicates that all evidence pertinent to the issue was submitted at the trial. The trial court did not commit error in allowing the amendment.

Four days after the accident, defendant gave plaintiff his check for $200 and in the approximately 12 weeks between that payment and February 17, 1958, defendant on 11 different occasions gave plaintiff a check for $50 or $100, making a total payment between November 20, 1957, and February 17, 1958, of $1,150.

March 19, 1959, defendant gave to plaintiff his final check for $1,063 and a release to be signed by plaintiff and his wife. This check was cashed, but the release was not signed.

A dispute arises as to what occurred on March 19th when defendant completed his total payment of $2,213 by giving to plaintiff his check for $1,063.

Defendant testified that when he paid the first $200 he said, "I can't help you very much because at my age I don't earn too much, but I will do what I can to help you along"; that shortly before he gave plaintiff the final check for $1,063 he informed the plaintiff that he had used up all his money but wanted to help and asked for "a final account of what I owe you"; that when plaintiff informed him "he was ready to settle up * * * I went over there and he gave me the bill. I didn't question nothing about it. I looked at it. It was for $1,063"; that he borrowed .the money and presented to plaintiff the $1,063 .check

and a release his attorney had prepared; that plaintiff accepted both check and release and stated that when his wife returned, "We will sign it (the release) and give it to you."

Plaintiff testified that when he gave defendant the $1,063 statement, defendant said "he didn't have the money. He would probably have to borrow it"; that when defendant handed him the check and release, defendant said "he figured he was entitled to a release" and that plaintiff "didn't make any comment"; that there never was an agreement that the $1,063 check was a final settlement and he never agreed to sign a release.

The court did not err in submitting to the jury the question of accord and satisfaction.

The court instructed the jury that if the plaintiff has borne the burden of proof, the defendant should compensate him for such pain and suffering he has experienced as disclosed by the evidence, and, in addition, should compensate plaintiff for the doctor and hospital bills and the loss of earnings both in the past and in the future.

We do not agree with appellant that the court committed reversible error in failing to instruct on permanent disability. Dr. Pedden and Dr. Blocksma were called as witnesses in behalf of plaintiff and neither testified that there will be pain in the future. Dr. Pedden did testify that there will be a limitation on the amount of work plaintiff can do in the future. We can only conclude from the record that if the jury had found defendant liable a verdict in some amount would have been awarded. In the absence of such a verdict, appellant does not raise a reversible question.

Sufficient evidence to justify a verdict holding that appellee was not negligent, or that appellant was guilty of contributory negligence, or that there was an accord and satisfaction, would nullify appellant's

claim that the verdict of the jury was against the overwhelming weight of the evidence.

Appellee testified that after concluding there was a deer in the area it was agreed they would separate and walk in different directions; that appellant did not follow the plan and, therefore, appellee had no reason to suspect appellant might be in the area or direction in which he shot; that by abandoning the agreed-upon plan and wearing the wrong type and color of hunting clothes, plaintiff was guilty of contributory negligence.

This testimony, and the testimony in regard to accord and satisfaction, were sufficient to sustain the verdict against the claim that the verdict was against the overwhelming weight of the evidence.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.