Catherine CONNER, Appellant,

v.

Jim AKINS et al., Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1969.

As Modified on Denial of Rehearing
June 6, 1969.

Robert M. Spragens, Lebanon, for appellant.

John S. Kelley, John Douglas Hubbard, Fulton, Hubbard & Kelley, Bardstown, for appellees.

PALMORE, Judge.

The appellant, Catherine Conner, sued the appellee Louisville Gas & Electric Company (hereinafter L G & E) and two of its employes for assault and battery. The employes were let out on a peremptory

at the close of the evidence and the jury found in favor of L G & E. Mrs. Conner appeals.

In early 1966 L G & E was constructing a gas distribution system in Bardstown. One of its lines was to run through an alley adjoining Mrs. Conner's residence property. A neighbor, Dr. Oakley, whose residence joined the Conner property on the other side, sought to obtain from Mrs. Conner an easement for the purpose of installing a connecting line from the alley to the Oakley premises. He submitted a proposed deed to Mrs. Conner, but after consulting with an attorney she was dissatisfied with the instrument because it did not sufficiently protect against possible damages. Her counsel thereupon drew up another proposed deed which was satisfactory to her and to Dr. Oakley. Each of the proposed instruments was drawn to include L G & E as a party. One of the basic differences, however, was that in the first draft Oakley alone was responsible to Mrs. Conner, whereas under the final draft both Oakley and L G & E were required to protect her against damages resulting from the construction and maintenance of the connecting line. After signing the second draft Mrs. Conner delivered it to Oakley, who also signed it and then had it recorded without having it executed by L G & E.

Several months later Mrs. Conner discovered two L G & E employes digging a hole in her back yard. She ordered them off the premises. Hard words were exchanged, and an altercation ensued. According to Mrs. Conner, one of the men threw a shovelful of rocks so close to her that some of the rocks struck her. This suit resulted.

A photostatic copy of the recorded instrument signed by Mrs. Conner and Oakley but not by L G & E was introduced in evidence by Mrs. Conner, who testified that it "was supposed to be signed by all three parties or it was no good" and was

to have been returned to her before being recorded. For purposes of our discussion it may be assumed that the delivery and legal efficacy of the instrument were conditioned upon its execution by all three parties. Nevertheless, in a discussion between court and counsel outside the presence of the jury the trial court said, "I think it is an easement whether it was signed by the company or not * * *. It is ruled that it is a valid easement." Later, at the conclusion of an avowal by the attorney who drew up the instrument, the trial court repeated this ruling as follows:

"There will be no further reference to those easements out in the court room. I indicated three or four times I think the easement is a valid easement between Mrs. Conner and Dr. Oakley and Louisville Gas & Electric Company and I think it is beside the point to get out there in the face of my ruling and hassel around and confuse the jury with these easements."

Mrs. Conner's appeal comes before us on a partial record, and upon the single contention that the trial court erred in ruling that the easement was good and in subsequently instructing the jury to the effect that the L G & E employes had a right to be on Mrs. Conner's property at the time of the encounter in question. It is extremely doubtful that the record is sufficient for us to reach the alleged error. However, be that as it may, in view of the instructions given we are of the opinion that it was inconsequential anyway.

■ The point made by Mrs. Conner is that the ruling of the court on the legal efficacy of the instrument in question undermined her case by making it appear that she was the aggressor. We do not agree. In the first place, she was permitted to and did testify that the instrument was not to be effective unless and until it was signed by L G & E, that L G & E never signed it, and that it was recorded without her

knowledge or approval. So far as we are able to observe from the record before us, that is all the information the jury had on the subject until the instructions were given.

The attorney who drew the agreement was not allowed to relate the conversations with Mrs. Conner incident to its preparation and was not allowed to testify that his and Mrs. Conner's intentions in that connection were that it would not be valid until signed by all parties. For obvious reasons, such testimony would have been incompetent. Included also in the avowal of this witness was a statement that it was clear from the face of the instrument that it was not to be effective until executed by all parties. That, of course, was a legal opinion not addressable to the jury. And in the last analysis, the net effect of the attorney's testimony, if admissible and admitted, would have been merely cumulative of what Mrs. Conner had already said to the jury, to-wit, that the instrument was not supposed to be in force unless signed by L G & E.

Instructions No. 1 and No. 2 were as follows:

1. "The Court instructs the Jury that the Louisville Gas & Electric Company, acting by and through its agents and servants at the time and place referred to in the evidence, had the right to go upon the premises of the plaintiff Conner for the purpose of performing the work described in the evidence."

2. "If you believe from the evidence in this case that the defendant, Louisville Gas & Electric Company, acting by and through any of its agents, servants and employees at the time and place referred to in the evidence, threw, rock and dirt upon the plaintiff and that plaintiff was thereby injured and damaged in her person, you shall find for the plaintiff and award her damages as set out in Instruction No. 4, but unless you so believe, or if you believe from the evidence as set out in Instruction No. 3, you shall find for the defendant, Louisville Gas & Electric Company."

(Instruction No. 3 was to the effect that if Mrs Conner caused her own injuries by jumping into a hole mentioned in the evidence, the jury should find for the defendant.)

Assuming it to be incorrect, Instruction No. 1 was mere surplusage and gave the defendant's employes no right to assault Mrs. Conner. Instruction No. 2 directed the jury to find for Mrs. Conner if it believed they threw rocks and dirt on her person, as she had testified. It was not conditioned upon who was the aggressor or upon who was right or who was wrong with respect to the property. Had the jury seen fit to believe Mrs. Conner's version of the encounter, Instruction No. 2 compelled it to find for her regardless of the fact that the L G & E men had a right to be on the property. If the jury followed the instructions, as we must assume it did, the ruling incorporated in Instruction No. 1 could not have been prejudicial.

The judgment is affirmed.

All concur.