W. B. CHERRY, Plaintiff-in-Error. v. IRA FLOYD, Defendant-in-Error. —448 S.W.2d 444.

Western Section.   July 2, 1969.

Certiorari Denied by Supreme Court December 15, 1969.

Hewitt P. Tomlin, Jr., Waldrop, Hall & Tomlin, Jackson, of counsel, for plaintiff in error.

J. B. Avery, Jr., Alamo, for defendant in error.

MATHERNE, J. Defendant below, William B. Cherry, has perfected his appeal in error from a verdict and judgment in favor of the plaintiff, Ira Floyd.

■ This lawsuit arose as result of an automobile-truck collision on New Highway 20 in Crockett County, Tennessee. The record establishes that the defendant was in the process of moving certain sawmill equipment in three trucks and a pickup truck. These vehicles were traveling eastwardly on the highway approximately three hundred feet apart when the foremost truck became disabled. The trucks then stopped one behind the other on the highway with the exception of the pickup truck which pulled off on the shoulder. The evidence is that the trucks when so stopped blocked approximately fifty yards of the east bound lane of Highway 20. At this point Highway 20 is a two lane highway with one lane for traffic in each direction.

Plaintiff, Ira Floyd, was driving his Pontiac automobile in the same direction as the trucks were traveling and ran into the rear of the rearmost of the stopped trucks. The collision occurred at 6:30 P.M. on December 16, 1966, at which time it was dark and necessary to have a motor vehicle's headlights burning for visibility.

By Declaration the plaintiff alleged that defendant was negligent in so blocking the east bound lane of the highway; that the defendant violated T.C.A. 59-859 pertaining to the stopping, standing or parking of vehicles on a roadway outside of business or residential districts; that defendant violated T.C.A. 59-908 in not having proper lights burning on the trucks; that T.C.A. 59-918 and 59-919 were violated in that proper flares were not provided and used to warn traffic; and that T.C.A. 59-920

regulating stopping of vehicles for causes other than disablement was violated. Plaintiff alleged all these acts of negligence and violation of statutes caused the collision and resulting injuries.

The defendant, by order of the Court, pled specially, and specifically denied all allegations made by the plaintiff. Defendant further set up as a defense the contributory negligence of the plaintiff, and pled the doctrine of sudden emergency. Defendant also pled violation by plaintiff of T.C.A. 59-852 regulating the speed of motor vehicles, and of T.C.A. 59-858 defining reckless driving.

Defendant admits that his three trucks were stopped in the east bound lane of traffic as herein set out. Defendant further admits that there was no flares or warnings set out as required by statute under the circumstances.

The record reveals that the defendant was at the rear of the rear most stopped truck waving a flashlight. However, plaintiff testified that he did not see this light until he was within 40-75 feet of the truck; that he then applied brakes but ran into the rear of the truck. There is evidence that plaintiff's automobile left sixty feet of skid marks prior to hitting the truck. Plaintiff testified he was driving 45 miles per hour, however, other witnesses estimated his speed in excess of the speed limit.

There is a conflict of testimony as to whether at the time of the collision the headlights, cab lights and tail lights of these trucks were or were not burning.

Therefore, under the proof presented on the issues as joined, this case presented a jury question. There was evidence presented upon which the minds of reasonable men might differ. The Trial Judge properly charged the

law as to negligence, contributory negligence, remote contributory negligence and the doctrine of sudden emergency.

■ Assignment of Error I, that the evidence preponderates against the verdict, does not present a question properly to be determined by this Court on appeal in error. Stacks v. Veteran's Cab Co. (1962) 51 Tenn. App. 272, 366 S.W.2d 539. The motion of plaintiff to strike this Assignment of Error is sustained.

■ Assignments of Error II and III relate to the nature of the jury verdict and the manner in which the Trial Judge handled same. The jury returned into open Court and the following occurred:

"THE COURT: Gentlemen, have you reached your verdict in the case of Ira Floyd against William B. Cherry?

JURY FOREMAN: Yes, sir.

THE COURT: What is your verdict, please?

FOREMAN: We agree that they were both guilty but Mr. Cherry was more at fault than Mr. Floyd.

THE COURT: Now, what is it? You are saying—

FOREMAN: They both caused the wreck but we believe Mr. Cherry was more at fault.

THE COURT: How do you find then?

FOREMAN: We agree on $6,000.00

THE COURT: $6,000.00? Do you find for the plaintiff and award $6,000.00 damages?

FOREMAN: Yes, sir.

THE COURT: In your verdict you say they are both guilty of negligence. The Court has got to conclude that you took into consideration the Court's charge with regard to direct and proximate contributory negligence and that you find Mr. Floyd guilty of remote contributory negligence. Is that your verdict?

FOREMAN: Yes, sir.

THE COURT; In any event, do you find for the plaintiff and fix his damages at $6,000.00? Is that your verdict now, gentlemen? Is that what you all say about it?

JURY: Yes, sir.

THE COURT: All right.

MR. TOMLIN: Your Honor, I'd like to have the jury polled on the issue as presented by the foreman and also on damages.

THE COURT: All right. Is this your verdict, Mr. Tillman?

MR. TILLMAN: Yes, sir.

THE COURT: The plaintiff $6.000.00 Is that your verdict?

MR. TILLMAN: Yes, sir.

(The court asks each member of the jury the same questions and each answers in the affirmative)."

Defendant contends that the verdict of the jury as quoted shows on its face that the jury failed to follow the law as charged them by the Court; that the jury applied the doctrine of comparative negligence, and rendered an inconsistent verdict. Defendant further con-

tends that the Trial Judge erred by improperly suggesting to the jury as to its deliberations in arriving at the verdict.

The case of Templeton v. Quarles (1963) 52 Tenn.App. 419, 374 S.W.2d 654 somewhat puts to rest any objection the defendant might have to the verdict as announced in this case. In the *Templeton case* the following occurred:

"THE COURT: Gentlemen, have you agreed on a verdict? How do you find?

JUROR: We find both parties guilty of negligence and award Templeton $25,000.00.

COURT REPORTER: I can't hear you.

THE COURT: Both parties guilty of negligence?

JUROR: Find both parties guilty of negligence, and award Templeton $25,000.00.

THE COURT: $25,000.00? You find Quarles and his son—his brother guilty of negligence?

JUROR: No, the man who was killed.

ANOTHER JUROR: Both of them.

THE COURT: You find the man that was killed and the other guilty of negligence?

JUROR: That's right.

THE COURT: And you set the man who was killed's verdict at $25,000.00?

You mean by that, that you found Kenneth Quarles guilty of the proximate cause of negligence, and Templeton guilty of contributory negligence?

JUROR: Yes, sir.

THE COURT: So say you all gentlemen?

JURORS: Yes, sir.''

The Court in the *Templeton case* held the trial judge did not err in accepting the foregoing verdict, and stated:

"The trial judge fully charged the jury as to proximate and remote contributory negligence. In view of the charge of the court, we do not think he committed error in accepting the verdict and entering judgment thereon. Although the jury reported they found the Deceased guilty of contributory negligence, we think it is obvious they meant remote contributory negligence, and that the trial judge so construed the verdict."

If after an examination of the terms of the verdict the court is able to place a construction thereon that will uphold it, it is encumbent upon the court to do so. Templeton v. Quarles, supra and cases cited.

We may assume the jury followed the instructions of the court since there is no showing the jury did otherwise. Templeton v. Quarles, supra.

This verdict is further strengthened by the fact that the Trial Judge polled the jury at the request of the defendant and each juror answered that he assented to to the verdict.

Defendant filed some affidavits of jurors with his Motion for New Trial. Defendant's counsel in oral argument stated that he did not rely on these affidavits and no Assignment of Error is directed to the failure of the Trial Judge to call the jurors into court for examination

based thereon. We will therefore not consider these affidavits.

It results that all assignments of error are overruled and the Trial Court is affirmed. Cost of this cause is adjudged against the defendant below.

Carney, P.J.(W.S.), and Taylor, J., concur.