ORVILLE FLATIN v. LAMPERT LUMBER COMPANY
AND ANOTHER.

215 N. W. 2d 783.

March 15, 1974—No. 43939.

*Winter, Lundquist, Sherwood & Athens* and *Thomas C. Athens,* for appellants.

*Rufer, Hefte, Pemberton, Schultz & Sorlie* and *Gerald S. Rufer,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

This action was brought by plaintiff, Orville Flatin, for personal injuries incurred in a collision of his truck with a truck owned by defendants, Lampert Lumber Company and Edgetown Lumber Company, and driven by their employee Gerald Lemke. In its special verdict, the jury found that Flatin was not negligent and that Lemke or his employers were negligent but that such negligence was not a direct cause of the collision. The trial court set aside the jury's answer regarding cause and determined that the negligence of defendants or Lemke was a direct cause of the accident as a matter of law. The appeal is taken from the judgment entered for plaintiff. We affirm.

The accident giving rise to this action occurred on March 28, 1969, at about 11:30 a.m., on U. S. Highway No. 52 in Otter Tail County. Preceding the collision, the trucks were approaching a 40-foot bridge from

opposite directions on a straight and level stretch of the 2-lane highway. Because of the stormy winter weather, the roadway in the vicinity of the bridge was snowpacked and a drift 3 feet deep and 12 feet long had formed in the northbound lane near the south end of the bridge. Lemke, who had been traveling north at 40 miles per hour, testified that he saw the drift when he was about 150 feet from the bridge, and at the same time observed plaintiff's pickup truck approaching at about the same distance from the opposite end of the bridge. Lemke shifted down and applied his brakes and the rear end of the truck slid out across the centerline, blocking the road as far as plaintiff was concerned.

Plaintiff, who had been traveling south at 40 to 50 miles per hour, testified he saw the rear of the other truck slide out when each vehicle was about 50 feet from the bridge. Plaintiff further testified that if he braked at all, he did so only lightly, fearing that if he braked hard his truck would slide out of control. The trucks collided at or near the south end of the bridge.

Lemke testified that the truck he was driving was equipped with vacuum brakes which were set up for a load, so that when the truck was empty, as it was at the time of the collision, the brakes would grab, creating the likelihood of a skid.[1] He also testified that he had traveled 30 miles before the accident, all of it on ice, and that because of the wind and snow he anticipated drifts on the road and was watching for them.

In granting plaintiff's motion for judgment notwithstanding the verdict, the trial court explained in its memorandum it was of the opinion there was ample evidence that defendants were negligent in maintaining their vehicle with a defective braking system and that Lemke who

---

[1] Lemke's testimony with reference to the brakes on defendants' truck is as follows: "Q. And did you use your brakes?

"A. I used my brakes a little bit, it has vacuum brakes and they are set up for loads and when they grab they grab hard.

"Q. It was really the way in which the brakes were adjusted that caused you to swing across the road?

"A. Yes.

"Q. They grabbed hard?

"A. Yes, they are vacuum, vacuum brakes.

"Q. It wasn't anything unusual in the operation of the truck, was it?

"A. No.

＊　＊　＊　＊　＊

"Q. In other words, if you were going to have it adjusted so that it

knew of the tendency of the brakes to grab was negligent in the operation of the truck. The court felt that the causal connection between such negligence and the accident appeared as a matter of law.

The only issue before us is whether or not the trial court erred in setting aside the jury's finding that the negligence of defendants and their driver was not a direct cause of the accident and determining as a matter of law that such negligence was the direct cause.

On appeal, defendants argue that the jury could have found that neither driver was negligent, and that defendants were negligent but in a respect which would not be a proximate cause of the accident, such as failure to equip the truck with snow tires or the failure of Lemke to apply brakes sooner or blow the horn. Plaintiff, on the other hand, argues that the jury's finding of negligence was based on Lemke's operation of the truck with knowledge that it could not be braked safely under the existing weather and road conditions, and that such negligence was a proximate cause of the collision as a matter of law.

A number of similar cases have come before this court, and in the case of Nihart v. Kruger, 291 Minn. 273, 276, 190 N. W. 2d 776, 778 (1971), we defined the scope of our review with respect to inconsistent verdicts:

"It is not our function to determine on what theory the jury arrived at its verdict. In reviewing the findings, we need only examine the record to decide whether the verdicts are consistent on any theory. Only where it is clear that findings cannot be reconciled may the trial court set them aside."

However, before we can perform this function, we must know what findings the jury actually made.

The jury clearly made a finding of negligence, but did not specify whether the negligence was only the driver's, only the employers', or

---

would stop you with a heavily loaded lumber truck and work properly with a load, it in a sense braked improperly without a load?

"A. That's correct.

"Q. You knew that too as you drove along there that day, did you not?

"A. That's correct.

\* \* \* \* \*

"Q. And if and when it did grab in that fashion it was likely to throw you in a skid?

"A. That's correct."

a combination.[2] Verdicts, however, must be reasonably construed with reference to the pleadings and the record. 19B Dunnell, Dig. (3 ed.) § 9817. The allegations of negligence in the pleadings are confined to acts of the driver, and in its instructions regarding the question of defendants' negligence, the trial court reminded the jury that they were to consider "the combined negligence of the lumber companies acting through their agent, Gerald Lemke, regardless of how it [the special verdict question] might read." Presuming the jury followed this instruction,[3] it must have intended by its affirmative answer to the negligence question to find that Lemke was negligent in operating the truck knowing that it could not be braked safely under the existing weather and road conditions.

We think this finding of negligence on the part of Lemke cannot be reconciled with the finding that such negligence was not a proximate cause of the collision, regardless of what the specific theory of negligence may have been.

In Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 208, 91 N. W. 2d 585, 591 (1958), quoting earlier decisions, we said:

"* * * Theorize as we may on the subject of proximate cause, it is in its last analysis a question of good common sense, to be solved by a practical consideration of the evidence in each particular case."

Lemke had traveled 30 miles on an icy road, through blowing snow, prior to the accident. He knew that his empty truck could not be braked safely under these conditions. Common sense and a practical consideration of the evidence tell us that it was defendants' and Lemke's negligence in permitting a truck with this type of a braking system to be operated on icy highways with snow blowing across the highway that was the cause of the accident. We agree with the trial court that in this situation causation must be determined by the court as a matter of law.

Affirmed.

---

[2] This ambiguity resulted at least in part from the alternative wording of the special verdict question, which asked: "At or about the time of the accident was Jerald (sic) Lemke or the lumber co. (lumber truck) negligent?"

[3] We must view the verdict in the light of the presumption that the jury obeyed their instructions. Kelley v. Chicago, B. & Q. R. Co. 142 Minn. 44, 170 N. W. 886 (1919).

Mr. Chief Justice Sheran, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.