535 P.2d 1325

**Terry L. BRITTON and Kenneth L. Britton, d/b/a Big Red Tool Company, Petitioners,**

**v.**

**Hattie M. BOULDEN, Respondent.**

**No. 10199.**

Supreme Court of New Mexico.

June 4, 1975.

Daniel C. Lill, Albuquerque, for petitioners.

Smith, Ransom & Gilstrap, William C. Gilstrap, Albuquerque, for respondent.

OPINION

OMAN, Justice.

This cause is before us upon a writ of certiorari directed to the New Mexico Court of Appeals, which reversed a judgment of the district court entered upon a jury verdict in favor of defendants and

against the plaintiff, Hattie M. Boulden. Boulden v. Britton, 86 N.M. 775, 527 P.2d 1087 (Ct.App.1974). We reverse the Court of Appeals and affirm the judgment of the district court.

The issue concerning the propriety of the admission into evidence of a hospital record, which was raised before the Court of Appeals, has not been raised in these proceedings before us. Our disagreement with the Court of Appeals relates to the reversal by that court of the district court judgment because of the failure of the district court to give a requested jury instruction.

■ Evidence was received at trial which justified the giving of a jury instruction on the question of aggravation of a pre-existing ailment or condition as an element of the damages claimed to have been sustained by plaintiff. Therefore, she was entitled to have the jury instructed in accord with N.M. U.J.I. 14.2 had a proper request therefor been made by her. However, she requested two separate instructions on aggravation, neither of which conformed to N.M. U.J.I. 14.4. Her first request was as follows:

> "The aggravation of any pre-existing ailment or condition, but you may allow damages only for the aggravation itself, and not for the pre-existing ailment or condition. A wrongdoer is said to 'take his victim as he finds him,' and the wrongdoer is liable for all harm which follows from an injury negligently caused. This is true where the injured person was suffering at the time of injury from a condition which aggravated the consequences of such injury and made him susceptible to greater damage."
> [Emphasized part is N.M. U.J.I. 14.4].

Her second request consisted only of the unemphasized portion of the foregoing. The emphasized portion is in accord with N.M. U.J.I. 14.4. Rule 51(1)(c) of the Rules of Civil Procedure [§ 21–1–1(51)(1)(c), N.M.S.A.1953 (Repl. Vol. 4, 1970)] provides:

> "*Use.* Whenever New Mexico Uniform Jury Instructions (U.J.I.) prepared by the New Mexico Supreme Court Committee on Uniform Jury Instructions and approved by the Supreme Court for publication contains an instruction applicable in the case and the trial court determines that the jury should be instructed on the subject, the U.J.I. instruction shall be used unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper, and the trial court so finds and states of record its reasons."

Clearly, N.M. U.J.I. 14.4 was applicable to plaintiff's claim of aggravation of a pre-existing ailment or condition. However, her first request was not limited thereto, her second request did not include it, and the two requests, at least in part, were repetitious. Consequently, neither request was correct and was properly denied. Rule 51(1)(c), supra; Adams v. Lopez, 75 N.M. 503, 407 P.2d 50 (1965); Goodman v. Venable, 82 N.M. 450, 483 P.2d 505 (Ct. App.1971).

■ However, there is another reason which compels us to reach the same result. The jury verdict against the plaintiff had to rest upon a finding of no liability on the part of defendants. The only issues to be resolved by the jury, as to her claim against defendants, were those of liability and damages, and the jury was explicitly and clearly instructed that she could recover only for injuries proximately caused by the negligent conduct of the defendants. The jury was told in two separate instructions that it should not consider damages until it had first resolved the question of liability. It is apparent to us, from a reading of the entire transcript on appeal, that the jury never got beyond the question of liability. It must be presumed that the jury understood and complied with the court's instructions. Giltner v. Stark, 219 N.W.2d 700 (Iowa 1974); Quinn v. Moore, 292 A.2d 846 (Me.1972); Flatine v. Lampert Lumber Company, 298 Minn. 577,

215 N.W.2d 783 (1974); Bateman v. Glenn, 459 P.2d 854 (Okl.1969); Mazzaro v. Narragansett Improvement Company, 109 R.I. 244, 283 A.2d 887 (1971); Myers v. Harter, 76 Wash.2d 772, 459 P.2d 25 (1969); Price v. Hartford Accident & Indemnity Company, 16 Ariz.App. 511, 494 P.2d 711, rev'd on other grounds, 108 Ariz. 485, 502 P.2d 522 (1972); National Car Rental System, Inc. v. Holland, 269 So.2d 407 (Fla.App.1972); Conner v. Akins, 441 S.W.2d 784 (Ky.1969); Cherry v. Floyd, 60 Tenn.App. 521, 448 S.W.2d 444 (1969), cert. denied, id.; Twin City Fire Insurance Company v. Gibson, 488 S.W.2d 565 (Tex. Civ.App.1972).

As observed by the Court of Appeals, in Stephens v. Dulaney, 78 N.M. 53, 428 P.2d 27 (1967), we did hold that the failure of a trial court to instruct upon all correct legal theories presented and supported by substantial evidence constitutes reversible error. However, in that case we were concerned with legal theories relative to the question of liability. It was not suggested that error in instructions on the question of damages, which is never reached by the trier of the facts, constitutes reversible error. Although this precise question has never before been presented to and decided by this court, the answer should be obvious. The following are a few of the 35 cases from twenty-five different jurisdictions which we have read and which have all held that if the jury has resolved the question of liability in favor of defendant, the failure to have given correct instructions on the question of damages does not constitute reversible error: Strickling v. Whiteside, 242 Ala. 29, 4 So.2d 216 (1941); Flader Land Co. v. Denes, 111 Colo. 227, 139 P.2d 875 (1943); Cornwell v. Rosoff, 137 Conn. 458, 78 A.2d 544 (1951); Finck v. Hoskins, 94 Idaho 524, 492 P.2d 936 (1972); Granstrom v. Gray, 365 Mich. 349, 112 N. W.2d 560 (1961); Mitchell v. Eagle Motor Lines, Inc., 228 Miss. 214, 87 So.2d 466 (1956); Coleman v. Higgins, 137 Mont. 222, 351 P.2d 901 (1960); Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 146 Neb.

47, 18 N.W.2d 551 (1945); Foxton v. Woodmansee, 236 Or. 271, 388 P.2d 275 (1963); Skovran v. Pritz, 386 Pa. 425, 126 A.2d 456 (1956); Poulos v. James, 254 S. C. 156, 174 S.E.2d 152 (1970); Malia v. Seeley, 89 Utah 262, 57 P.2d 357 (1936); Adamson v. Traylor, 66 Wash.2d 338, 402 P.2d 499 (1965); Finley v. Franklin Aluminum Company, 132 Ga.App. 70, 207 S.E. 2d 543 (1974); Martin v. Dayton Power & Light Co., 107 Ohio App. 19, 156 N.E.2d 328 (1958).

The decision of the Court of Appeals should be reversed and the judgment of the district court affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.