**James I. BURLISON and Anita Burlison, Appellants,**

v.

**James A. ROSE, Appellee.**

Supreme Court of Tennessee, at Jackson.

Dec. 9, 1985.

**610**

J. Houston Gordon, Covington, for appellants.

Walker T. Tipton, Covington, for appellee.

## OPINION

COOPER, Chief Justice.

Permission to appeal was granted in this personal injury action for the primary purpose of considering the issues raised by one of the plaintiffs, Anita Burlison. Mrs. Burlison questions the judgment of the Court of Appeals ordering a new trial upon its concluding that the trial court's order of remittitur voiced disapproval of the jury's verdict, and, also, whether the remittitur itself was proper. Pursuant to T.R.A.P. 13(a), the defendant raises issues concerning the denial of his motion for directed verdict, and the jury instructions. After considering all issues presented, we hold that the Court of Appeals erred in ordering the new trial and in failing to reinstate the jury verdict.

Mrs. Burlison was injured while helping the defendant, James A. Rose, her father,

dig post holes. The post holes were being dug mechanically with the aid of the power take-off drive of Mr. Rose's tractor, a device with which Anita Burlison had no experience. Mr. Rose sat in the driver's seat of the tractor and controlled the power while Mrs. Burlison guided the post hole digging apparatus to the appropriate spots. At one point Mr. Rose climbed down from the tractor to aid his daughter when the auger portion of the post hole digger failed to take hold in a patch of hard earth. He left the power running. Mrs. Burlison lost her balance and stumbled into the spinning power take-off drive. Her shirt and hair were caught by a large cotter pin extending from the mechanism, and fifty percent of her hair and scalp was torn off before Mr. Rose could return to the tractor and turn off the power. The cotter pin, which became entangled with plaintiff's shirt and hair was not a standard part of the post hole digger, but was being used as a replacement for a shear pin, which would not have protruded from the drive shaft.

Mrs. Burlison and her husband, James I. Burlison, filed suit against Mr. Rose. The jury returned a verdict of $100,000 for Mrs. Burlison, and $50,000 for her husband. Mr. Burlison had sought only $25,000, and his award was reduced to that amount without protest. Mr. Rose moved for a judgment notwithstanding the verdict and a new trial, both of which were denied. In ruling on the motion the trial court expressed the opinion that "plaintiff, Anita Burlison, was guilty of remote contributory negligence" and suggested a remittitur of $50,000 on the award of damages to her. Plaintiff accepted the remittitur under protest.

On appeal, the Court of Appeals concluded that the trial judge had not properly exercised his powers of remittitur since the reference to remote contributory negligence indicated disapproval of the facts as found by the jury. A new trial was ordered since the trial judge had not approved the jury's verdict.

■ The relevant statutes, Tenn.Code Ann. §§ 20–10–101 to 103, authorize the

trial court to suggest additur or remittitur, and they provide for appellate review. The purpose of these statutes is "to avoid repeated trials of factual issues and at the same time to do equal justice to the parties." *Murphy Truck Lines v. Brown,* 203 Tenn. 414, 422, 313 S.W.2d 440, 443 (1958). An appellate court reviewing an additur or remittitur is "simply to ascertain whether the trial judge's actions in increasing or decreasing a verdict were justified, giving due credit to the jury's decision on the credibility of the witnesses and that of the trial judge in his capacity as thirteenth juror." *Foster v. Amcon International, Inc.,* 621 S.W.2d 142, 145 (Tenn.1981). While the amount of the verdict is primarily for the jury to determine, the trial judge who presided at the trial and heard the evidence is the next most competent person to pass upon the matter. *Transports, Inc. v. Perry,* 220 Tenn. 57, 414 S.W.2d 1, 5 (1967).

■ Upon reviewing the record, we find no indication that the trial court disagreed with other than the amount of the verdict. In fact, the trial court, prior to suggesting the remittitur, denied the defendant's motions for judgment notwithstanding the verdict and new trial. This, standing alone, indicates that the trial judge approved the jury's verdict as to defendant's liability. *See Davis v. Mitchell,* 27 Tenn.App. 182, 204–05, 178 S.W.2d 889, 898 (1943). Furthermore, the jury rendered its verdict after receiving proper instructions on the elements of negligence, contributory negligence, *and remote contributory negligence.* There is no evidence that these instructions were not followed. In the absence of such a showing, it must be presumed that the jury followed the court's instructions. *Memphis Street Railway Co. v. Cooper,* 203 Tenn. 425, 435, 313 S.W.2d 444, 449 (1958); *Cherry v. Floyd,* 60 Tenn. App. 521, 448 S.W.2d 444, 447 (1969). Thus, we must assume that the jury gave appropriate consideration to the instruction on remote contributory negligence. The very purpose of our remittitur procedure is to allow the trial judge to disagree with the amount of the jury's award and suggest a

reduction while avoiding the necessity of conducting an entire new trial. Absent any affirmative showing that the trial judge disagreed with the facts as found by the jury, we conclude that the trial judge and the jury merely differed on the valuation to place upon Anita Burlison's remote contributory negligence.

■ In further reviewing the record in this case, we find that the evidence does not justify any reduction in the $100,000 award to Anita Burlison. Mrs. Burlison suffered the loss of fifty percent of her hair and scalp, approximately ten square inches, in this accident. The bare skull was left exposed in one area. Treatment of the injury required that skin grafts be taken from her thighs to replace the skin of her scalp. This procedure left some damage to her legs. A series of operations took place in an attempt to re-cover the injured area with the skin grafts, all involving pain, and three to five future operations are anticipated. At best, a five square inch bald spot will remain after treatment is completed. This area will be much less resilient than her original scalp, and increased protection, such as from the sun, will be necessary. Mrs. Burlison's medical costs at the time of trial were approximately $15,000, and future expenses of $10–14,000 are expected. There was testimony that Mrs. Burlison had been in constant pain from the time of the accident in November, 1980, and that some pain could continue. The plastic surgeon treating the victim testified that she suffered a ten to twelve percent permanent anatomical disability. There was evidence that Mrs. Burlison had become withdrawn, nervous, and self-conscious; feared leaving her home and going out in public; was ashamed and felt less than a whole woman; and could not play with her children as she once had. The marital relationship was impaired due to the injury and her loss of self-esteem. We are of the opinion that Mrs. Burlison's injuries, and the pain and suffering involved, are more than sufficient to support the jury's verdict.

The defendant argues that the evidence shows without question that Mrs. Burlison was guilty of proximate contributory negligence and that a verdict should have been directed in his favor. On this issue the Court of Appeals concluded that reasonable men could differ in the conclusions to be drawn from the evidence in the record, and that the issues of negligence, contributory negligence and proximate cause were issues for the jury. We agree with this conclusion. *See Frady v. Smith,* 519 S.W.2d 584, 586 (Tenn.1974). We are also of the opinion that there is material evidence in the record to support the jury's verdict. T.R.A.P. 13(d). The defendant also argues that his two requested instructions on last clear chance should have been submitted to the jury. We have reviewed the instructions given to the jury, and we conclude that the applicable law was sufficiently stated. This issue is without merit.

We reverse that portion of the Court of Appeals' decision ordering a new trial, and we reinstate the $100,000 verdict in favor of Anita Burlison. All other issues are affirmed. Costs of this appeal are taxed to the defendant. The cause is remanded for the execution of the judgment and any further necessary proceedings.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.