360 P.2d 383

Ben T. TURNER, Jr., Plaintiff-Appellee,

v.

Margie Jane McGEE, Defendant-Appellant.

No. 6707.

Supreme Court of New Mexico.

Feb. 21, 1961.

Rehearing Denied April 4, 1961.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellant.

Botts, Botts & Mauney, Albuquerque, for appellee.

MOISE, Justice.

This is an appeal from a judgment entered on a jury verdict in favor of the plaintiff, Ben T. Turner, Jr., against the defendant, Margie Jane McGee.

The proof showed that on December 13, 1957, some time between 7:30 and 8:00 a. m., Mrs. McGee, while driving four teen-age children to school in her 1952 Dodge automobile, was proceeding west on Menaul Boulevard in Albuquerque when she was involved in an accident. The street was paved but the paving was in poor condition. Also, there were some low places or dips where water would run across the road in wet weather, and in the low places the pavement was full of chuck holes, and sand and gravel had been deposited by receding water. The morning was cold, the windows of Mrs. McGee's car were closed, the heater was on, and the rear window had frost on it. There was a steady stream of traffic at this hour and Mrs. McGee proceeded at about 30 miles per hour in her lane of travel and approximately two lengths behind the car immediately ahead of her. Upon arriving at a point some 250 to 300 yards east of the intersection of Menaul and State Highway 422 a traffic light at the intersection turned red for traffic on Menaul and the line of cars immediately ahead of Mrs. McGee stopped, and she in turn stopped some 18 feet behind the car ahead of her.

The plaintiff Turner had been following Mrs. McGee in the line of traffic on Menaul and one and one-half to two car lengths behind her. He was driving a 1955 Chevrolet coupe belonging to his employer. A business associate was riding in the front seat on his right and they were talking. When Mrs. McGee stopped, as stated above, Mr. Turner did not see her slowing to a stop but noticed the car after it was stopped, and then put on his brakes and brought his car to a stop just behind her, but not so suddenly as to have to skid his wheels. Immediately thereafter, a car driven by one Dennis Horton struck the Turner car from behind, forcing the front of the car into the rear of Mrs. McGee's car. The Turner car was damaged front and rear, but mostly in the rear, and the McGee car had the red lenses broken out of the tail lights, the bumper guards were knocked off, and it

received a few scratches. Turner was injured. Horton explained his inability to stop by saying that when he saw Turner stopping suddenly he put on his brakes but because he was in one of the dips or low places in the pavement and sand and "chuck holes" were present, he skidded some 10 to 15 feet and into the rear of Turner's car.

Suit was filed by Turner against both Mrs. McGee and Horton in two separate causes of action. A settlement having been effected with Horton, that cause of action was dismissed and the suit proceeded against Mrs. McGee with the result already noted.

Three points are relied on for reversal. However, it is only necessary that we notice one of them to the effect that the court should have sustained a motion for a directed verdict at the close of plaintiff's case as renewed at the conclusion of all evidence and as again set forth in a motion for judgment notwithstanding the verdict. The motions were based on a claim that there was insufficient substantial evidence of negligence on the part of Mrs. McGee for the court to submit the same to the jury; and also, if there was any evidence of negligence there was insufficient evidence to establish that the same proximately caused the accident or injuries.

The only negligence claimed by Turner as the cause of the accident was the sudden stopping by Mrs. McGee and violation of

§§ 64–18–24(c) and 64–18–25(a), N.M.S.A. 1953.

They read as follows:

"64–18–24 * * * (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

"64–18–25 * * * (a) Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device * * *."

Section 64–18–24(c) requires the giving of a signal when there is opportunity to do so before stopping or suddenly decreasing speed, and § 64–18–25(a) provides that the signal shall be given by hand and arm, or by signal lamp or mechanical signal device.

Admittedly, no hand and arm signal was given by Mrs. McGee. The evidence raises a question of whether the red tail lights, being a mechanical signal device were operating. Immediately upon the happening of the accident Mrs. McGee got out of her car and Turner did likewise. Turner stated that Mrs. McGee's tail lights were not working. She replied to the effect that

they did and that she had a current brake and light sticker, and then noticing the broken lens stated further that it would be impossible to tell if they worked now since they had been broken.

On the witness stand Turner stated he did not see Mrs. McGee stopping, but saw her when she was stopped, and also stated that he did not see her stop lights turn on, and thought he would have if they had been working. As proof that the lights were working properly Mrs. McGee produced evidence to the effect that immediately after the accident she returned home, and upon applying pressure on the brakes the bulbs in the rear stop lights did go on although the red lenses were broken out.

■ ■ As the record stands there is no substantial evidence that the lights did not turn on. Mr. Turner did not see them, and although if a person is looking and does not see, a reasonable inference follows that they did not turn on, Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640, quite the contrary is true when the person who would have seen had he been looking testifies that he was not looking. Loftin v. Kubica, Fla.1953, 68 So.2d 390; Miller v. Abel Const. Co., 140 Neb. 482, 300 N.W. 405; Rau v. Northern Pac. Ry. Co., 87 Mont. 521, 289 P. 580. Here Turner did not see Mrs. McGee stopping. She was stopped when he noticed her. He was talking to his passenger, and must not have been looking ahead or he would have seen her stopping even if he did not see any red stop light. Since he was not looking at Mrs. McGee's car as she stopped, he was in no position to see if the stop light went on or not, and accordingly his testimony that he did not see any light go on is of no probative force. Diebley v. New York, Chicago & St. Louis Rd. Co., 108 Ohio App. 381, 162 N.E.2d 142. There can be no inference that it did not go on from his failure to see it do so when he was not looking in a direction to see. To conclude otherwise would be pure conjecture and surmise not supported by the proof. This cannot be made the basis for an inference of fact. De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630; Caldwell v. Johnsen, 63 N.M. 179, 315 P.2d 524; Campbell v. Schwers-Campbell, Inc., 59 N.M. 385, 285 P.2d 497.

■ ■ However, if we assume that the red stop signal did not work and that accordingly Mrs. McGee gave no signal as required by § 64-18-24(c), we find no causal connection between this fact and the collision. That the negligence relied upon must be the proximate cause of the accident for liability to ensue is unquestioned. Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126. This rule applies even though the negligence asserted is negligence as a matter of law for failure to comply with a statutory requirement. Hartford Fire Ins. Co. v.

Horne, 65 N.M. 440, 338 P.2d 1067. That Mrs. McGee's stopping or failure to give a signal as required by the statute in no way contributed to or caused the accident should be evident from the fact that Turner did not see her stopping, but when he looked she was stopped and he in turn was able to stop without hitting her. The case of Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, is almost identical with the instant case on its facts. See also Ellis v. McCubbins, 312 Ky. 837, 229 S.W.2d 992; Szczytko v. Public Service Coordinated Transport, 21 N.J.Super. 258, 91 A.2d 116; Royal v. McClure, 244 N.C. 186, 92 S.E.2d 762; Cases in 29 A.L.R.2d 5, 44.

We hold that the trial court erred in failing to direct a verdict for defendant at the close of plaintiff's case, and each time that the motion was thereafter asserted. This being true, it is not necessary for us to consider or pass upon the other claimed errors.

The judgment is reversed and the cause remanded with a direction to set it aside and dismiss plaintiff's cause of action against defendant.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.