487 P.2d 1093

Melcor **TAFOYA** and Sabina Tafoya,
his wife, Plaintiffs-Appellants,

v.

Bobby **WHITSON**, Defendant-Appellee.

No. 544.

Court of Appeals of New Mexico.

June 18, 1971.

Rehearing Denied July 14, 1971.

Certiorari Denied Aug. 12, 1971.

**24**

O. Louis Puccini, Jr., Charles G. Berry, McAtee, Marchiondo & Michael, Albuquerque, for plaintiffs-appellants.

Daniel C. Lill, LeRoi Farlow, Albuquerque, for defendant-appellee.

———◆———

## OPINION

HENDLEY, Judge.

Plaintiffs sued to recover damages for personal injuries and property damages arising out of an automobile accident in which defendant drove his car into the rear of Sabina's car. At the close of both plaintiffs' case and defendant's case, plaintiffs moved for a directed verdict on liability. Both motions were denied. The jury then returned a verdict for defendant.

Plaintiffs appeal asserting the trial court erred in (1) failing to direct a verdict on liability and (2) the giving of various instructions.

We affirm.

### 1. DIRECTED VERDICT.

In passing on plaintiffs' motion for a directed verdict on liability we view the evidence together with all inferences that could reasonably be drawn therefrom in a light most favorable to defendant, disregarding all evidence to the contrary. Francis v. Johnson, 81 N.M. 648, 471 P.2d 682 (Ct.App.1970).

There were conflicting accounts of the accident, but when we view only testimony most favorable to the defendant the record is as follows: Defendant was driving through Gallup on his way to Farmington from Tucson. There was a substantial amount of snow on the ground and it was snowing hard. He was proceeding east on old Highway 66. Plaintiff, Sabina, pulled in front of defendant and he proceeded to follow her at a speed of 10 miles per hour. Defendant followed Sabina's car because she had a Gallup license number and defendant was having difficulty seeing the road because of the snow. Defendant traveled about 25 to 35 feet behind Sabina's car. Sabina's car traveled over into the westbound lanes of the divided highway and when she saw this she brought her car to a stop. Defendant saw no brake lights but upon realizing Sabina was stopping he pulled his car into low gear and applied his brake. He was unable to stop and skidded into Sabina's car at an approximate speed of five miles per hour. Defendant's car was not equipped with chains or snow tires.

Following the accident, defendant discovered that plaintiff Sabina had traveled into the left hand lane of the westbound lanes of travel. The accident occurred in that lane.

In light of the foregoing, plaintiffs assert that defendant was negligent as a matter of law and there is no substantial evidence to support a finding of contributory negligence on the part of plaintiff. It is plaintiffs' position that defendant, as a matter of law, failed to keep his speed controlled as was necessary to avoid colliding with any person, vehicle on or entering the highway, contrary to § 64–18–1.1(C) (1), N.M.S.A.1953 (1969 Pocket Supp.). Also that pursuant to § 64–18–17(a), N.M.S.A.1953 (Repl.Vol.1960, pt. 2) defendant was negligent, as a matter of law, in following too closely in hazardous weather.

The mere fact that a statute is violated does not, in and of itself, make such violation the proximate cause of an accident. Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419 (1964). As stated in Martin v. Gomez, 69 N.M. 1, 363 P.2d 365 (1961), where the statute involved was driving on the left of the center line:

"Granting that the defendant violated this statutory mandate, nevertheless, the evidence in this case relative to a causal connection between the statutory violation and the injury is not such as would have justified the trial court in ruling as a matter of law that the violation was the proximate cause of the injury. Consequently, the trial court was correct in leaving the issue of causation to the jury.

As Prosser on Torts points out at page 155, there are certain statutes a violation of which in and of itself is the proximate cause of an injury. But there are other statutes, such as the one involved in this case, a violation of which may or may not have any causal connection with an ensuing injury."

The issue of contributory negligence is usually an issue for the jury. Le Doux v. Peters, 82 N.M. 661, 486 P.2d 70 (Ct.App.), decided May 21, 1971. The question of negligence and contributory negligence can only be taken from the jury and decided as a matter of law when reasonable minds could not differ on the question. Based on the foregoing facts, we cannot say as a matter of law, that reasonable minds could not differ on the issue of defendant's negligence or plaintiff Sabina's contributory negligence. Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967).

Neither are we impressed with the argument on appeal that plaintiff Sabina was required to stop because of an emergency situation. The record does not show an emergency. There was no oncoming traffic. She could best extricate herself by driving back to the proper side of the road.

Plaintiffs cite Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240 (1955) for the proposition that acts of the driver of the lead automobile are as a matter of law, too remote to be causative in the legal sense when the lead automobile stops without warning signals and is then rear-ended by another automobile. Our reply is that *Branstetter* involved different facts, there being a multi-automobile collision. In addition, even in such situation *Branstetter's* "too remote" theory is not the law in New Mexico. Compare Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970).

The trial court properly denied plaintiffs' motion for a directed verdict on liability and submitted the issue to the jury.

2. INSTRUCTION ON SABINA'S STATUTORY VIOLATIONS.

Plaintiffs contend " * * * that the court erred in giving instructions Nos. 13, 14 and 15 all relating to the alleged violation by the plaintiff [Sabina] of the statutes regulating the proper actions to be taken by one using the roadway. * * *" It is plaintiff's position that if the statutes were violated then her actions did not constitute the proximate cause of this collision and that the court in giving these instructions implying that she was contributorily negligent as a matter of law if she had violated these statutes was error.

The instructions were related to certain statutes in force and stated:

13. " 'Whenever any highway has been divided into two (2) roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the righthand roadway. * * *'

"If you find from the evidence that the plaintiff Sabina Tafoya conducted herself in violation of this statute you are instructed that such conduct constituted negligence as a matter of law."

14. " 'No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.'

"If you find from the evidence that the plaintiff Sabina Tafoya conducted herself in violation of this statute you are instructed that such conduct constituted negligence as a matter of law."

15. " '(a) Any stop or turn signal when required herein shall be given either by means of the hand and

arm or by a signal lamp or lamps or mechanical signal device * * *'

" 'All signals herein required given by hand and arm shall be given from the left side of the vehicle in the following manner and such signals shall indicate as follows: * * *'

" '3. Stop or decrease speed. Hand and arm extended downward.'

"If you find from the evidence that the plaintiff Sabina Tafoya conducted herself in violation of this statute you are instructed that such conduct constituted negligence as a matter of law."

Plaintiffs contend that instruction No. 13 was wrong in that the statute was enacted for the benefit of a particular class and that defendant is not within that class. The specific vice in the instruction should have been pointed out so as to leave no doubt that the court's mind was actually alerted. Castillo v. Juarez, 80 N.M. 196, 453 P.2d 217 (Ct.App.1969). Plaintiffs did not raise the question in the lower court. It cannot be first raised here on appeal.

Plaintiffs next contend that instructions Nos. 14 and 15 were improper in that there is no substantial evidence in the record to show that Sabina did not give an appropriate signal within the meaning of the statute. We disagree.

There was testimony that defendant was about 25 or 35 feet behind Sabina's car; that he could see she had a Gallup license; that he was intently watching her car; that he did not see her tail light come on; and that he " * * * had no difficulty in seeing her in front of him. * * *" It follows then that since defendant was intently watching and did not see the brake lights go on, a reasonable inference follows that they did not go on. Compare Turner v. McGee, 68 N.M. 191, 360 P.2d 383 (1961).

The cases cited by plaintiffs are distinguishable on their facts. Here, based upon the undisputed testimony that the tail light did not go on, we cannot say as a matter of law that the jury could not conclude that such was the proximate cause of the accident.

3. INSTRUCTIONS 13, 14 and 15 WERE BASED ON U.J.I. 11.1 INSTEAD OF U.J.I. 11.2.

A review of plaintiffs' objections to the foregoing instructions and whether they should have been under U.J.I. 11.2 (Violation of Statute or Ordinance—Excuse) instead of U.J.I. 11.1 (Violation of Statute or Ordinance) show they were never brought to the trial court's attention. Having not been brought to the trial court's attention they cannot be first raised here on appeal. Castillo v. Juarez, supra. Accordingly, we do not discuss the merit of plaintiffs' contention.

4. INSTRUCTIONS OF PROXIMATE CAUSE RESULTING FROM STATUTE OR ORDINANCE VIOLATION WERE MISLEADING.

Plaintiffs contend U.J.I. 12.10 was not a proper instruction defining proximate cause since it does not apply the term to the violations of the statutes as given in the other instruction (13, 14 and 15) and thereby misleads the jury resulting in prejudice to plaintiffs.

U.J.I. 12.10 states:

*"The proximate cause of an injury is that which in a natural and continuous sequence* [unbroken by any independent intervening cause] *produces the injury, and without which the injury would not have occurred.* [It need not be the only cause, nor the last nor nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury]."

The court gave only that portion which is italicized. No reason was stated for not giving the last bracketed portion.

Plaintiffs objected to the omission of the last bracketed portion of U.J.I. 12.10 when they stated to the trial court:

"I submit to the Court that in this connection, where—I· think that this is an instruction that should be given where there is an issue of contributory negligence, as the Court has found that there is in this case. I think that in view of the statute, that the Court should instruct the jury on—that might have been violated by the plaintiff in this particular case, that the jury should be instructed in this regard, so that they may determine which negligence, even assuming that plaintiff was negligent, which negligence did cause the accident in question."

The "Direction for Use" of the last bracketed portion of U.J.I. 12.10 states that it "* * * should be used only when there is evidence of a concurring or contributing cause. Ortega v. Texas-New Mexico Ry. Co., 70 N.M. 58, 379 [370] P.2d 201 (1962). Rix v. Town of Alamogordo, 42 N.M. 325, 77 P.2d 765 (1938)."

Plaintiffs contend that the last bracketed portion "would have cleared, to some extent, the confusion caused by the jury being mislead into thinking that the plaintiff's [Sabina's] position, in being on the left hand side of the road, was the only cause of the accident." They assert that this omission "introduced a false statement of law to the jury." We do not agree. At worst it was a curable omission.

Plaintiffs' entire argument is based on the premise that contributory negligence was not an issue; but as we have shown above that premise is not well taken under the facts of this case. Furthermore, implicit in plaintiffs' contention are instructions Nos. 13, 14 and 15 which related to possible statutory violations by plaintiffs. However, taking all instructions as a whole, as we must (Garcia v. Barber's Super Markets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App.1969)), we also have to consider instruction No. 12 which relates to defendant's possible violations in failing to control speed and following too closely.

We fail to see how the jury was misled into thinking Sabina's being on the wrong side of the road was the only cause of the accident. Instructions must be read as a whole and when so read, if they fairly represent all issues and applicable law, they are proper and a mere defect or omission in one instruction may be cured by another instruction. Chapin v. Rogers, 80 N.M. 684, 459 P.2d 846 (Ct.App.1969).

In light of the foregoing we fail to see how plaintiffs were prejudiced by the omission. Jewell v. Seidenberg, 82 N.M. 120, 477 P.2d 296 (1960). Section 21–2–1 (17) (10), N.M.S.A.1953 (Repl.Vol.1970).

5. THE LAST TWO PARAGRAPHS OF INSTRUCTION NO. 1 ARE MISLEADING AND PREJUDICIAL.

Instruction No. 1 reads:

"The plaintiffs claim that they sustained damages and that the proximate cause thereof was one or more of the following claimed acts of negligence:

"1. The defendant did not have his car under control.

"2. The defendant was not keeping a proper lookout.

"3. The defendant was following behind plaintiff too closely.

"The plaintiffs have the burden of proving that they sustained damage and that one or more of the claimed acts of negligence was the proximate cause thereof.

"The defendant denies the plaintiffs' claims and asserts the following affirmative defenses:

"The plaintiff Sabina Tafoya was contributorily negligent in that:

"1. She was driving to the left of the divider on the highway and actually driving the wrong way in the east bound lanes.

"2. That she stopped her car in the highway without signaling.

"3. That she stopped her car suddenly in the highway without sufficient reason.

"The defendant has the burden of proving the affirmative defenses.

"If you find that plaintiffs have proved those claims required of them and that none of the defendant's affirmative defenses have been proved, then your verdict should be for the plaintiffs.

"If on the other hand, you find that any one of the claims required to be proved by plaintiffs have not been proved or that any one of defendant's affirmative defenses have been proved, then your verdict should be for the defendant."

This instruction is U.J.I. 3.1. Plaintiffs contend it is prejudicial since it is poorly written and it confused the jury. Plaintiffs state that the jury could interpret the first part as plaintiffs must be able to prove all three of their claims. Such is not the language. The language reads "one or more."

6. INSTRUCTIONS 3, 5, 10, 17 AND 27 IMPROPER EVEN THOUGH NOT DEVIATING FROM U.J.I. INSTRUCTIONS.

(a) Instruction No. 3 is the definition of contributory negligence and as discussed under points 1 and 2 contributory negligence was an issue in the case.

█ (b) Instruction No. 5 is U.J.I. 13.12 on comparative negligence and states when contributory negligence of a plaintiff and negligence of a defendant is at issue the jury cannot compare negligence. Both issues were present, and, as the "Directions for Use" states, when both are present, the instruction is proper.

(c) Instruction No. 10 is U.J.I. 12.3 "Duty to Use Ordinary Care—Plaintiff." Plaintiffs failed to bring this to the court's attention. The objection was never made or preserved.

█ (d) Instructions Nos. 17 and 27 are U.J.I. 17.8 and 14.1 respectively on "No Damages Unless Liability" and "Liability Must be Determined Before Damages."

Defendant contends that under Clinard v. Southern Pacific Company, 82 N.M. 55, 475 P.2d 321 (1970) both instructions need not be given if the court "finds and states of record its reasons why the proposed instruction is erroneous or otherwise improper."

Contrary to plaintiffs' contention we fail to see how we can construe the colloquy between the court and counsel as the court stating its reasons for not using the instruction required by U.J.I. The record shows as follows:

"MR. BERRY: All right, sir.
Object to the Court's Instruction Number Twenty-Seven, which I realize is a UJI instruction, but I submit that it's repetitive, it's repetitious.

"THE COURT: What's that one about?

"MR. BERRY: That you are not to discuss damages until you first determine the issue of liability.

"THE COURT: That's one where I agreed with you, only under the directives of UJI, you're supposed to use it twice.

"MR. BERRY: I understand that, and I submit to the Court that UJI is wrong.

"THE COURT: I agree with you, but once you have this set of rules, you're stuck with it."

We see this interchange as indicating that the court agreed that the instruction was repetitious but not as giving the court's reasons for not using the U.J.I. In fact the court did knowingly give the U.J.I. instruction. *Clinard* does not hold that a court may not give the instruction if it thinks it is repetitious. Rather it says that if a court refuses to give the U.J.I. it must state its reason in the record. Section 21-1-1(51) (1) (c), N.M.S.A.1953 (Repl. Vol.1970).

Affirmed.

It is so ordered.

SPIESS, C. J., and SUTIN, J., concur.