509 P.2d 274

Dolores **VALENCIA**, Plaintiff-Appellant,

v.

Thomas C. **BEAMAN**, Defendant-Appellee.

No. 975.

Court of Appeals of New Mexico.
March 30, 1973.

(2) refusing to permit contradictions and impeachment of Beaman's custom and practice.

### (1) *There was no Error in Giving Instructions.*

The trial court gave the following instructions:

(4). The contention of the plaintiff that there was a lack of care or failure to disclose on the part of the defendant physician and surgeon is a fact which the law requires the plaintiff to prove by a preponderance of the evidence. You are not justified to [in] finding that he failed to disclose to plaintiff the probable results of the operation upon mere surmises, on assumptions, or on balanced proof.

(12). A patient is required to follow all reasonable and proper advice and instructions given him by his doctor regarding the patient's care, activities and treatment. A doctor is not liable for any injury proximately resulting from the failure of the patient to do so.

The record shows that following preparation of the instructions, the following occurred:

THE COURT: Let the record show that counsel for the plaintiff and counsel for the defendant have waived their right to make their objections and exceptions to the Instructions to the jury until after the Instructions to the jury have been given by the court, and counsel have presented their final argument to the jury.

Instructions to the jury were read by the court, followed by argument of counsel. Thereafter, the court was in recess from 11:50 a. m. to 1:25 p. m.

The record then shows objections made by plaintiff to instructions Nos. 4 and 12. No ruling by the trial judge appears on the objections made.

Any claimed error on instructions given, whether U.J.I. or not, whether mandatory or not, at least as to instructions

Matias A. Zamora, James K. Ribe, Santa Fe, for plaintiff-appellant.

J. E. Gallegos, Byron L. Treaster, Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff appeals from an adverse jury verdict and judgment based on a claim for damages against defendant, Dr. Beaman, a licensed ophthalmologist, for malpractice arising out of an operation to lift the right eyelid. We affirm.

Plaintiff raises two claims of error, (1) giving two instructions to the jury; and

which do *not* cover the fundamental law applicable to the facts, must be brought to the attention of the trial court for ruling before retirement of the jury. Otherwise, it is not subject to review. City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P. 2d 63 (1971).

The jury was instructed on fundamental law applicable to the facts. Instructions Nos. 4 and 12 do not fall in that category.

If we misconstrued the record relating to the presence of the trial court and its rulings, we have considered the objections properly preserved. We conclude that plaintiff has failed to show prejudice as required by Jewell v. Seidenberg, 82 N.M. 120, 477 P.2d 296 (1970).

■ There was no error in giving instructions Nos. 4 and 12.

### (2) *Plaintiff's Tender of Proof in Impeachment was not Admissible in Evidence.*

The core of plaintiff's claim was defendant's failure to make a reasonable disclosure to plaintiff of probable or possible consequences and difficulties inherent in defendant's operation on plaintiff's drooping eyelid to enable plaintiff to intelligently consent to the operation.

Plaintiff called defendant as an adverse witness and developed the fact that defendant made disclosure roughly to two hundred fifty other patients on whom he had operated in the past year; that defendant had told the two hundred and fifty with a cataract operation, as he did plaintiff, about the probable hazards and consequences of the operation. *Defendant was not interrogated about any particular patient.*

Plaintiff then called as a witness, a man who, as a patient of defendant, had undergone a cataract operation. When the witness was asked whether defendant had informed him of the nature of the operation and the consequences of the operation before it was performed, the trial court sustained an objection to the question because what defendant said to this patient was immaterial in the case.

In the absence of the jury, plaintiff tendered the proposed testimony of the patient. It disclosed that in 1965 defendant had performed two operations on the patient—one for cataract and one for a ruptured retina; that the patient had been examined by defendant before the cataract operation; that defendant did not tell him what could happen in the course of the operation or after the operation; nor that one of the consequences was a detached or ruptured retina; that six months after the cataract operation, he returned to defendant and was operated on again; that before the ruptured or detached retina operation, defendant did not tell the patient what could happen to him nor what the dangers would be. The plaintiff did not examine defendant about this patient called as a witness by plaintiff.

■ The issue is: Can plaintiff show, for purposes of impeachment, that defendant did not warn one patient when defendant testified he did warn 250 patients the past year? The answer is "no."

Section 21–1–1(43)(b), N.M.S.A.1953 (Repl.Vol. 4), gave plaintiff the right to call defendant as an adverse party ". . . and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, . . . ." During cross-examination of defendant, plaintiff did not elicit the fact that defendant warned *every* patient. The fact that this particular patient was not warned does not contradict the testimony of defendant because there was no evidence that this patient was one of the 250 which the defendant warned the past year.

Futhermore, the proffered testimony cannot be used for purposes of impeachment to show that defendant made contradictory statements relative to warning patients because this patient was not called to defendant's attention during his cross-examination. Rule 43(b) is derived from Rule 43(b) of the Federal Rules of Civil Procedure, and is identical therewith.

5 Moore's, Federal Practice, ¶ 43.10, at 1378 (2nd Ed.1971), says:

The Supreme Court, by refusing to include the first sentence of the April 1937 Draft continues the federal practice that a party may not show for purposes of impeaching a witness that he has made contradictory statements, *without having first called them to his attention.* [Emphasis added]

The same rule applies under § 20–2–2, N.M.S.A.1953 (Repl.Vol. 4). Nichols v. Sefcik, 66 N.M. 449, 349 P.2d 678 (1960); Brown v. General Insurance Company of America, 70 N.M. 46, 369 P.2d 968 (1962); Jerald Jacob Monroe, Impeachment of Witnesses in New Mexico by Proof of Prior Inconsistent Statements, 2 Natural Resources Journal, 562 at 566 (1962).

The trial court did not err in refusing in admission the proffered testimony of plaintiff's witness.

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.