538 P.2d 1192

James **SANDOVAL** and Patricia Sandoval, Mike Sandoval, Lisa Sandoval and James E. Sandoval, minors, by their father and next friend, James Sandoval, Plaintiffs-Appellants,

v.

Alex Robert **CORTEZ**, Defendant-Appellee.

No. 1680.

Court of Appeals of New Mexico.

July 16, 1975.

Jacob Carian and Robert W. Casey, Albuquerque, for plaintiffs-appellants.

John A. Klecan, Klecan & Roach, Albuquerque, for defendant-appellee.

## OPINION

LOPEZ, Judge.

This is an appeal from a judgment entered on a jury verdict in favor of the defendant. We affirm.

The plaintiffs raise the following issues on instructions: (1) turn signals of motor vehicles; (2) the "sudden emergency" concept; (3) aggravation of a pre-existing injury; and (4) proper lookout by the defendant. Plaintiffs also contest the denial of their motion for a directed verdict.

The accident that gave rise to this lawsuit involved three vehicles. The parties are designated as plaintiffs (middle car) and defendant (trailing car). The third vehicle is labelled the "lead" car since it was the first car in line.

On June 20, 1971, James Sandoval was operating plaintiffs' automobile in a southerly direction on San Mateo Boulevard, N.E., between Claremont and Los Arboles in Albuquerque, New Mexico. San Mateo at this point was an undivided, multiple lane street. The lead car stopped suddenly without making any signals and turned left into a church parking lot. The plaintiffs' car suddenly stopped and was rear ended by defendant's car. Defendant had been 75 feet behind plaintiffs' car when he first saw the plaintiffs' brake lights go on. Defendant tried to avoid the accident by changing lanes but could not do so because of traffic in the other lanes. The lead car was not hit by either plaintiffs' or defendant's cars.

(1) *Instructions regarding turn signals of motor vehicles*

The plaintiffs claim that it was error for the trial court to instruct the jury in the language of § 64-18-24, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2) which requires the giving of a signal before stopping, decreasing the speed, or turning right or left from a public highway. The instruction reads as follows:

"INSTRUCTION NO. 7. There was in force in the state at the time of the occurrence in question a certain statute which provided that:

"64-18-24. Turning movements and required signals. (a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 76 (64-18-21), or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

"(b) A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.

"(c) No person shall stop or suddenly decrease the speed of a vehicle without

first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

Plaintiffs objected to this instruction on the grounds that it interjected a false issue into the case and that it failed to inform the jury that a violation must be a proximate cause of the accident. Plaintiffs then tendered their own substitute instruction which reads as follows:

"2. Alleged negligence of a motorist in failing to give required signal in stopping is not a proximate cause of collision occurring when following plaintiff motorist who had stopped his automobile in time was struck from rear by defendant. *Turner v. McGee,* 68 N.M. 191 [360 P.2d 383]".

The trial court overruled plaintiffs' objection to the court's instruction No. 7 and denied the plaintiffs' tendered instruction.

Plaintiffs base their objection and their authority for their tendered instruction on the case of *Turner v. McGee,* 68 N.M. 191, 360 P.2d 383 (1961). It becomes necessary, therefore, to review the pertinent facts of the *Turner* case.

The *Turner* case also involved three cars. Plaintiff's car stopped behind the lead car (defendant in Turner) and was propelled into it by a third driver who crashed into the rear of the plaintiff's car. The lead car stopped in a line of traffic at a point 250 to 300 yards east of an intersection. The plaintiff (middle car) did not see the lead car slowing down, but did see the car after it was stopped. The evidence was conflicting as to whether the lead car had signalled its stop. Assuming that no signal had been given, the Supreme Court said that there must not only be a violation of a traffic law by the lead car, but there must also be a causal connection between the violation and the accident. Since plaintiff did not see the lead car slowing to a stop, plaintiff would not have seen any

signal had it been given. Thus, there was no causal connection.

In the case at bar, the lead car stopped suddenly without making any signals pursuant to law. Plaintiffs suddenly stopped and the defendant, who first saw the plaintiffs' car stopping when it was 75 feet behind, immediately applied his brakes but rear ended plaintiffs' car. The defendant tried to avoid the accident by changing lanes but could not do so due to the danger of other traffic.

We do not believe that the facts of the *Turner* case are applicable to the case at bar.

■ We agree with plaintiffs that they are entitled to have the jury instructed on all correct legal theories of the case which are supported by substantial evidence. *LaBarge v. Stewart,* 84 N.M. 222, 501 P.2d 666 (Ct.App.1972). However, plaintiffs' tendered instruction was not correct because it would have resolved the proximate cause question as a matter of law. See *Tafoya v. Whitson,* 83 N.M. 23, 487 P.2d 1093 (Ct.App.1971) and *May v. Baklini,* 85 N.M. 150, 509 P.2d 1345 (Ct. App.1973).

■ The court was correct in denying the tendered instruction of the plaintiffs and it was likewise correct in giving the jury its own instruction No. 7. The trial court correctly instructed the jury as to the law regarding stopping on the highway. The court did not interject a false issue into the case in that the lead car's failure to signal went to the issue of proximate cause with respect to this lawsuit. Another instruction informed the jury that a statutory violation must have been the proximate cause.

(2) *Instructions on "sudden emergency" concept*

The trial court gave its instruction No. 12 to the jury, consistent with U.J.I. Instruction No. 13.14, which reads as follows:

"INSTRUCTION NO. 12. A person who, without negligence on his part, is

suddenly and unexpectedly confronted with peril arising from either the actual presence of or the appearance of imminent danger to himself or another is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments.

"His duty is to exercise only the care that a reasonably prudent person would exercise in the same situation.

"If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any reasonably prudent person under the same conditions, then he has done all the law requires of him, even though in the light of after events it might appear that a different course would have been better and safer."

See *Burkhart v. Corn,* 59 N.M. 343, 284 P.2d 226 (1955).

■ The plaintiffs objected to this instruction on the basis that there was insufficient evidence to support it. We disagree with the plaintiffs. There is evidence that the lead car came to a sudden stop in the middle of the block without signalling for any turn. Plaintiffs' car also came to a sudden stop and "almost immediately" thereafter defendant's car hit plaintiff's car. When defendant saw the brake lights on plaintiffs' car, he applied his brakes and tried to change traffic lanes. This evidence was sufficient for an instruction on sudden emergency.

(3) *Instruction regarding aggravation of the pre-existing injury*

■ Since we are affirming this case on points regarding liability it will be unnecessary for us to review the point regarding damages. The court correctly instructed the jury to deliberate the matter of liability before damages, and the jury did not find the necessary causal connection to establish any liability. Therefore, any incorrect instructions on the question of damages do not constitute reversible error. *Britton v. Boulden,* 87 N.M. 474, 535 P.2d 1325, decided June 4, 1975; *Morris v. Rogers,* 80 N.M. 389, 456 P.2d 863 (1969).

(4) *The instructions on proper lookout by the defendant*

The plaintiffs tendered the following requested instruction:

"3. The plaintiff claims that he sustained damages and that the proximate cause thereof was one or more of the following claimed acts of negligence:

" . . .

"2. The defendant was not keeping a proper lookout to avoid a collision at the intersection. . . ."

U.J.I. Instruction No. 9.3 reads as follows:

"The duty to keep a proper lookout requires more than merely looking. It also requires a person to actually see what is in plain sight or obviously apparent to one under like or similar circumstances in the exercise of ordinary care.

"Further, with respect to that which is not in plain sight or readily apparent, a person is required to appreciate and realize what is reasonably indicated by that which is in plain sight."

■ The trial court correctly refused the plaintiffs' tendered instruction on proper lookout on the part of the defendant, due to lack of evidence to support it. *Mills v. Southwest Builders, Inc.,* 70 N.M. 407, 374 P.2d 289 (1962); *LaBarge v. Stewart, supra.*

*Motion for a directed verdict as to liability*

At the close of the testimony, the plaintiff moved the court for a directed verdict as to liability. The motion was denied.

■ In ruling on a motion for a directed verdict, the trial court must view the evidence, together with all reasonable inferences, in the light most favorable to the party resisting the motion; and the

court must disregard all conflicts in the evidence unfavorable to the position of that party. *Archuleta v. Pina,* 86 N.M. 94, 519 P.2d 1175 (1974).

■ Under this standard the evidence was sufficient to deny the motion and submit the issue of defendant's negligence to the jury.

The judgment of the trial court is affirmed.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).
I specially concur.

A. *Instruction No. 7 was erroneous, but the error was not preserved for review.*

Plaintiff properly objected to instruction No. 7 for the reason that "it does not apply to any parties to this suit, and that such issue was not concerned with the proximate cause of the accident in question."

This statutory instruction refers to a vehicle at an intersection or private roadway preparing to make a turn. The driver must signal his turn. The statute applies to the vehicle *in "front" of plaintiff's vehicle.* It does not apply to plaintiff or defendant. Plaintiff had no duty to signal a turn. Neither did defendant. The court did not instruct the jury that this statute was applicable to the "front" vehicle and the jury could find a violation thereof was a proximate cause of the accident. The ·instructions were silent on the "front vehicle". The only issues presented to the jury were: (1) Did the defendant have control of his car? (2) Was the defendant driving too fast for the traffic and road conditions then and there existing?

Furthermore, subsection (c) of the statute, set forth in instruction No. 7, applies to the plaintiff. To establish contributory negligence, he had a duty to give an ap-propriate signal to the defendant before stopping or suddenly decreasing the speed. This subsection is applicable as an affirmative defense by defendant that plaintiff was guilty of contributory negligence. At the close of the case, plaintiff moved that the affirmative defense of contributory negligence be stricken. The defendant agreed. It was stricken. Defendant gave up its affirmative defense of contributory negligence.

This instruction was plain reversible error. Was it preserved for review?

The majority opinion says: "The trial court overruled plaintiffs' objection to the court's instruction No. 7 . . . ." A search of the record does not disclose this fact. The error is not preserved for review. For two years, I have tried to educate trial lawyers in the art of preserving error when objections are made to jury instructions. *Valencia v. Beaman,* 85 N.M. 82, 509 P.2d 274 (Ct.App.1973); *May v. Baklini,* 85 N.M. 150, 509 P.2d 1345 (Ct.App.1973) (Sutin, J., concurring in part and dissenting in part).

I suggest that trial lawyers read judicial opinions and make notes of pertinent procedural points such as this one. In the present case, even if error was preserved, it would only have succeeded in getting a dissenting opinion. But, perhaps, if these objections had been properly presented to the trial court, the instruction would not have been given to the jury. It is too late in the day to raise this matter for the first time on appeal.

This error could be preserved if trial judges would request that attorneys make all objections to instructions on the record in the presence of the court and obtain rulings thereon. When a trial court refuses instructions, he should give a reason therefor.

The Supreme Court has adopted New Mexico Rules of Evidence. Sections 20–4–101 to 20–4–1102, N.M.S.A.1953 (Repl. Vol. 4, 1973 Supp.). Rule 103 applies to

Rulings on Evidence. Subsection (d) provides:

> Nothing in this rule precludes taking notice of *plain errors* affecting substantial rights *although they were not brought to the attention of the judge.* [Emphasis added]

Instructions to juries are often as important in the trial of cases as the admission or exclusion of evidence. The doctrine of "plain error" which affects the substantial rights of a party should be applicable to instructions. The adoption of this doctrine rests in the Supreme Court.

By this opinion I do not declare that instruction No. 7 affected such substantial rights of plaintiff, that the Supreme Court would call into play its inherent power to prevent fundamental injustice making a virtue of necessity. *Gonzales v. Rivera,* 37 N.M. 562, 25 P.2d 802 (1933); *Saiz v. City of Albuquerque,* 82 N.M. 746, 487 P.2d 174 (Ct.App.1971) (Sutin, J., dissenting), majority opinion overruled, *Galvin v. City of Albuquerque,* 87 N.M. 235, 531 P.2d 1208 (1975).

**B.** *Plaintiff's requested instruction No. 2 should not be considered.*

Plaintiff's requested instruction No. 2 (1) was not one of the claimed acts of negligence which was a proximate cause of the collision as set forth in the court's instruction No. 1 submitted by plaintiff, and (2) was not a U.J.I. instruction. Only U.J.I. instructions shall be used "unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is erroneous or otherwise improper . . . ." Section 21–1–1(51)(c), N.M.S.A.1953 (Repl.Vol. 4). The trial court can instruct on subject matter not covered by U.J.I., whenever the court determines that the jury should be instructed on that subject. Section 21–1–1(51)(c). The court properly refused the instruction.

Plaintiff's requested instruction No. 2 should not be considered.

**C.** *Modification of instruction containing "proper lookout" was not erroneous.*

Plaintiff properly objected to the modification of its requested instruction by which the trial court deleted the sentence:

> "The defendant was not keeping a proper lookout to avoid a collision at the intersection."

The collision did not occur "at the intersection." But this phrase does not deny plaintiff's claim of negligence by way of "proper lookout".

The majority opinion says: "The trial court correctly refused the plaintiffs' tendered instruction . . . due to lack of evidence to support it." A search of the record does not disclose this fact. It is silent on this matter. The trial court made no such finding.

Authorities cited by the majority opinion are not in point.

The majority opinion does not state that defendant failed to keep a proper lookout as a matter of law. See *Martinez v. City of Albuquerque,* 84 N.M. 189, 500 P.2d 1312 (Ct.App.1972); *May v. Baklini, supra.* In my opinion the defendant kept a proper lookout at all times pursuant to U.J.I. 9.3. The trial court did not err in the modification of plaintiff's requested instruction No. 3.

Furthermore, this matter was not preserved for review for the reasons set forth *supra.*