This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41395**

**JASON CORDOVA,**

Plaintiff-Appellant,

v.

**CITY OF ALBUQUERQUE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa Chavez Ortega, District Court Judge**

Paul Cohen
Albuquerque, NM

for Appellant

Laura Keefe, City Attorney
Laura R. Callanan, Assistant City Attorney
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Plaintiff Jason Cordova filed this negligence action in the district court against Defendant City of Albuquerque (City), seeking damages for a head injury he sustained when he was thrown from his motorized scooter in a single-vehicle accident on a City street. Plaintiff alleged that the City's negligence in failing to properly maintain, inspect, or repair both a pothole in the City street and a malfunctioning traffic signal at the intersection Plaintiff was approaching was the cause of his injury. The jury entered a verdict for the City, concluding that the City was not negligent. Plaintiff contends on appeal that the district court erred as a matter of law in admitting into evidence the fact

that he was not wearing a helmet when the accident occurred. Although the district court ultimately agreed with Plaintiff after the helmet evidence was presented to the jury that such evidence should not be considered in the jury's evaluation of negligence or in the apportionment of liability, and so instructed the jury, Plaintiff argues that the error was so prejudicial that it could not be cured by the jury instruction. We disagree and conclude that the jury instruction was adequate to cure any prejudice. Plaintiff also alleges error in the district court's decision to instruct the jury on Plaintiff's duty to mitigate damages in regard to his failure to use a helmet. We do not reach this issue because the jury did not find liability. Any incorrect instruction on the question of damages was harmless and does not constitute reversible error. Finally, Plaintiff claims that the district court's admission of evidence concerning Plaintiff's medicinal use of marijuana and history of addiction to opioid painkillers was an abuse of the district court's discretion. We are not persuaded and affirm the district court on this issue as well.

## BACKGROUND

**{2}**     On July 6, 2017, Plaintiff was driving a motorized scooter in the City heading northbound on Eubank Boulevard approaching the intersection of Constitution Avenue. Plaintiff was not wearing a safety helmet. Plaintiff claimed that the traffic signal suddenly flashed from green to red without a yellow warning, forcing him to slam on his brakes to avoid sliding into the intersection. He claimed that, as he was braking and not fully in control of the scooter, he hit a pothole, causing him to crash and hit his head on the ground.[1] Plaintiff's complaint claimed that the City was "negligent in that it failed to properly inspect, maintain, repair and/or warn of the dangerous condition of the pothole" and "the malfunctioning traffic signal," and that the City's negligence "caused the accident" and Plaintiff's ensuing injuries. Among other injuries, Plaintiff claimed that a head injury from the accident caused cognitive impairment.

**{3}**     Plaintiff filed a pretrial motion in limine to prohibit the City from "mentioning or introducing evidence of Plaintiff's non[]use of a safety helmet as evidence of comparative fault or to limit or apportion or mitigate damages or for any other purpose." Plaintiff argued that New Mexico's Mandatory Use of Protective Helmets statute, NMSA 1978, § 66-7-356 (2015), and relevant New Mexico precedent concerning evidence of failure to use a seat belt, precluded a defendant from presenting evidence of failure to use a helmet in a negligence action either as an affirmative defense or to mitigate damages. The court denied Plaintiff's motion in limine, as well as his subsequently filed motion to reconsider. The court reasoned that, because Plaintiff claims to have sustained a mild traumatic brain injury, "Plaintiff's use of a safety helmet may be directly relevant to the claimed injuries at issue."

---

1At trial, the parties place a lot of emphasis on the distinction between a "depression" (a dip in the road due to failure of the supporting subgrade) from a "pothole" (observable cracking of the pavement that causes a defined hole). For ease of reading, we do not make such a distinction in our opinion, and we call the defect in the road that Plaintiff hit a "pothole."

{4}     Plaintiff's counsel preemptively introduced the fact that Plaintiff was not wearing a helmet while riding his motor scooter in his opening statement and in Plaintiff's affirmative case. Plaintiff again objected to the introduction of the evidence of Plaintiff's failure to wear a helmet during the parties' conference with the court on jury instructions. Plaintiff proposed a jury instruction stating that "[f]ailure to wear a safety helmet shall not constitute fault or negligence." Plaintiff argued again that the helmet evidence should not have been admitted at all, but given that the evidence had been admitted, he asked for a curative instruction.

{5}     The court initially denied the requested instruction on the same grounds it had denied Plaintiff's pretrial motion in limine. The following day, however, upon further consideration, the court agreed with Plaintiff that the failure to wear a helmet "isn't a cause of the accident, so it shouldn't reduce Plaintiff's or it shouldn't increase Plaintiff's fault for the accident in apportioning percentages of fault." The court adopted the following limiting instruction to be given to the jury: "You have heard evidence that Plaintiff was not wearing a helmet. Such evidence shall not constitute fault or negligence on Plaintiff's part and should not be considered when apportioning percentages of fault." Plaintiff acknowledged that the instruction was correct as a matter of law and that it accurately adopted his argument that helmet use or nonuse should not be considered by the jury in determining fault.

{6}     The district court rejected Plaintiff's argument that the evidence of failure to use a helmet was also irrelevant and should not be considered by the jury in determining damages. The court agreed with the City's request to instruct the jury on mitigation of damages and to allow the City to argue that Plaintiff's failure to wear a helmet could be considered as a failure to mitigate damages. In addition to the instruction on mitigation of damages, the jury was instructed that it was "not to engage in any discussion of damages unless [it had] first determined that there is liability, as elsewhere covered in these instructions." The special verdict form also informed the jury "you are not to answer further questions," if you find the City not negligent.

{7}     The jury returned a verdict that City was not negligent. The jury followed the jury instruction and the direction on the special verdict form and did not answer either the causation question or any of the questions concerning damages.

## DISCUSSION

{8}     Although Plaintiff begins his brief on appeal by arguing at length that the district court erred both in denying his motion in limine and allowing admission of Plaintiff's failure to wear a helmet as evidence of comparative fault, as well as in instructing the jury regarding Plaintiff's failure to mitigate damages, we do not find it necessary to address these issues. As to the district court's initial decision that the evidence was admissible as relevant to the jury's determination of fault, the record shows that the court later changed its position and agreed with the Plaintiff that the evidence was inadmissible to determine fault. Neither Plaintiff nor the City challenges the content or language of the instruction given by the district court, both agreeing that the helmet-use

jury instruction drafted by the court is a correct statement of the law. For the purposes of this appeal, therefore, we accept the district court's unchallenged decision that failure to wear a helmet may not be considered by a jury in determining or apportioning fault in a negligence action, and consider only whether the admission of this evidence was so prejudicial as to require reversal and retrial, despite the instruction to the jury correcting any error.

**{9}** Plaintiff also argues extensively that the district court's decision to instruct the jury on mitigation of damages was error as a matter of law. Plaintiff points to decisions in other jurisdictions that have concluded, based on helmet safety laws similar to New Mexico's statute, that the failure to use a helmet—because it is conduct of a plaintiff *before* the injury occurs—does not fit within the doctrine of mitigation, which requires a plaintiff to take reasonable actions to reduce damages *after* an injury. *See Selgado v. Com. Warehouse Co.*, 1975-NMCA-144, ¶¶ 14-17, 88 N.M. 579, 544 P.2d 719 (stating that "evidence of non[]use of a seat belt is irrelevant on the minimization of damages" because it is preaccident conduct). We do not reach this issue because our precedent is clear that where an alleged error relates solely to damages, and where the jury enters a verdict for the defendant on liability, any error in the instruction on damages is harmless and does not constitute reversible error. *See Britton v. Boulden*, 1975-NMSC-029, ¶¶ 6-7, 87 N.M. 474, 535 P.2d 1325 (holding that alleged errors in instructions on damages need not be reached on appeal when the jury did not find liability); *Sandoval v. Cortez*, 1975-NMCA-088, ¶ 16, 88 N.M. 170, 538 P.2d 1192 (same).

**{10}** We understand the two issues properly before this Court for decision on appeal to be the following: (1) whether the district court's admission of the evidence that Plaintiff was not wearing a helmet at the time of his motor scooter accident had such a prejudicial impact on the jury's verdict that reversal is required, despite the court's instruction that this evidence "shall not constitute fault or negligence on Plaintiff's part and should not be considered when apportioning percentages of fault"; and (2) whether the district court abused its discretion in admitting evidence of Plaintiff's marijuana use and former addiction to opioid painkillers. We address each of these issues in turn.

**I.      The Admission of Evidence That Plaintiff Was Not Wearing a Helmet at the Time of the Accident, Assuming It Was Error, Was Harmless Error, and Does Not Require Reversal**

**{11}** Plaintiff argues on appeal that the admission of the evidence that he was not wearing a helmet at the time of the accident was so prejudicial that the court's instruction that the evidence should not be used to determine negligence or to apportion fault could not cure the prejudice, and that, therefore, reversal of the verdict and retrial is required. We do not agree.

**{12}** Even if we assume that the admission of evidence that Plaintiff was not wearing a helmet at the time of the accident was error, we conclude that any error in admitting this evidence was harmless. *See Cumming v. Nielson's, Inc.*, 1988-NMCA-095, ¶ 28, 108 N.M. 198, 769 P.2d 732 ("We review the admission and exclusion of evidence

under an abuse of discretion standard. In addition, the complaining party on appeal must show the erroneous admission and exclusion of evidence was prejudicial in order to obtain a reversal." (citation omitted)); *see also Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, ¶¶ 36-37, 108 N.M. 722, 779 P.2d 99 (determining that erroneously admitted hearsay does not automatically warrant reversal; there must be a showing that the admission was prejudicial under Rule 1-061 NMRA).

**{13}** Rule 1-061 provides:

> No error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Under Rule 1-061, error is not grounds for setting aside a verdict and requiring retrial "unless the refusal to take such action appears to the court inconsistent with substantial justice." We must disregard any error that does not affect the substantial rights of the parties. *Gallegos*, 1989-NMSC-055, ¶ 37 (internal quotation marks and citation omitted).

**{14}** Plaintiff argues that the prejudice arising from the introduction of evidence that Plaintiff was not wearing a helmet was so extreme that it could not be remedied by an instruction to the jury. Plaintiff contends that the admission of the "non[]use of helmet evidence had already poisoned the case" by the time the jury was instructed, after the close of the evidence, not to consider that evidence in assessing negligence or fault. Plaintiff points to (1) the delay between the admission of the evidence and the instruction to the jury, and (2) confusion Plaintiff claims was engendered by allowing the jury to consider the Plaintiff's failure to wear a helmet when assessing mitigation of damages—something that Plaintiff claims is akin to assigning fault to Plaintiff.

**{15}** We begin with the presumption that the "jury understood and complied with the court's instructions." *See Jolley v. Energen Res. Corp.*, 2008-NMCA-164, ¶ 28, 145 N.M. 350, 198 P.3d 376 (internal quotation marks and citation omitted). "It has long been the rule in this jurisdiction that unless it is clear that prejudice resulted because of evidence erroneously admitted, striking or instructing the jury to disregard it will cure the error and avoid reversal." *Apodaca v. Miller*, 1968-NMSC-086, ¶ 21, 79 N.M. 160, 441 P.2d 200.

**{16}** To the extent Plaintiff argues that the court's instruction was too late to cure the prejudice because it was not immediately given upon the first mention of the evidence that Plaintiff was not wearing a helmet, we disagree. Plaintiff offers no explanation for how this delay overcomes the presumption that the jury complies with the instructions given and that a curative instruction, which is not challenged as an erroneous statement

of the law by either party, cures the error. We therefore do not consider this unsupported argument further.

**{17}** Nor are we persuaded that the jury would have confused Plaintiff's duty to mitigate damages with a duty to exercise ordinary care by wearing a helmet. Plaintiff concedes that the instruction given by the court on disregarding this helmet evidence when considering negligence was both clear and correct. The remaining purpose for the admission of the helmet evidence was plainly limited to the jury's determination of the amount of damages. Given that clear purpose, and the district court's explicit direction to the jury to first decide whether the City was negligent, without considering any other issue, and to return a verdict for the City if it found no negligence, we are not persuaded that the jury would easily confuse a Plaintiff's duty to mitigate damages with its evaluation of the City's negligence. We, therefore, see no reason to deviate from our general rule that any error in instructing a jury on damages is harmless when the jury does not find liability. *See Britton*, 1975-NMSC-029, ¶¶ 6-7 (holding that alleged error in instructions on damages need not be reached on appeal when jury did not find liability). We therefore conclude that the district court's instruction to the jury not to consider Plaintiff's failure to wear a helmet in evaluating the negligence of the City rendered the admission of this evidence harmless error.

## II. The District Court Did Not Err in Allowing Evidence of Opioid Medication and Marijuana Use

**{18}** Plaintiff first argues that the district court erred in denying his motion in limine to exclude evidence of his prior opioid and current medicinal marijuana use. Plaintiff argues that the district court was misled by the City's claim that opioid and marijuana use were an alternative cause of some of Plaintiff's cognitive impairment. Although some of the City's citations to the expert's deposition in its response to Plaintiff's motion in limine were not accurate, Plaintiff's expert did testify about the possible impact of marijuana and opioid use, suggesting that it was unlikely there was much contribution to Plaintiff's impairment from the drug use at issue, but that research had not entirely ruled it out. Given the expert testimony that a connection to Plaintiff's impairment could not be entirely ruled out, we find no abuse of discretion in the district court's decision to admit the evidence of Plaintiff's prior addiction and his current use of marijuana and Suboxone.

**{19}** Plaintiff also suggests that this drug-use evidence should have been excluded under Rule 11-403 NMRA, as more prejudicial than probative. Plaintiff, however, did not object on this basis in the district court. This issue, therefore, was not preserved in the district court and we will not consider it on appeal. *See Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 12, 139 N.M. 12, 127 P.3d 548 ("To preserve an issue for appeal, a party must clearly raise the issue in the lower court by invoking a ruling from the court on the question." (internal quotation marks and citation omitted)).

**{20}** Plaintiff raises one additional claim of error concerning the admission of this evidence of opioid and marijuana use. He argues that the City intended to introduce the

hospital toxicology report showing marijuana and Suboxone in Plaintiff's blood test following the accident, and to argue, based on that report, that Plaintiff was impaired by his use of these medications at the time of the accident. Although the introduction of the toxicology report, together with such an argument, might well have been prejudicial error, the district court excluded the evidence of the toxicology results from the day of the crash and all argument suggesting that Plaintiff was impaired by drug use at the time of the crash. We are not persuaded that Plaintiff's claim that the City "intended" to introduce this damaging evidence and make a damaging argument, until prohibited from doing so by the court's order, amounts to reversible error.

### III.   Cumulative Error

**{21}**   Finding no error, we need not address Plaintiff's final argument that cumulative error requires reversal. *See Coats v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 57, 127 N.M. 47, 979 P.2d 999 (concluding that "since no prejudicial errors or irregularities exist in the point raised on appeal, no errors exist to cumulate in denial of a fair trial").

**CONCLUSION**

**{22}**   For the reasons stated above, we affirm.

**{23}   IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**